CLARENCE I. HAMILTON, Appellant, *v.* WILLIAM A.
DROGO, MONTAGUE, Duke of Manchester, Defendant.
UNITED STATES TRUST COMPANY OF NEW YORK, as
Trustee, Respondent.

Execution — garnishment — income from trust funds —
execution may issue against income that will or may come
due in future — trust directing that income be applied to
support of judgment debtor, his wife or children or any one
or more of them in discretion of trustee — error on return of
execution unsatisfied to deny motion for order directing
issuance of execution against income, if any, allotted to judg--
ment debtor — lien of execution will attach during instant
between award and delivery.

1. By the enactment of section 684 of the Civil Practice Act, pro-
viding that an execution may issue against a certain proportion of
income from trust funds due and owing, or thereafter to become due
and owing to a judgment debtor, it was the intention of the Legislature
to extend the scope and effect of an execution as it had theretofore
existed.   There is no requirement that the income be due at the time
the order is made and the execution served.   It is enough either that
it will become due in the future from the trustee to the *cestui que*
*trust*, or that it may become so due.   If ever the day of payment arrives
the lien of the execution attaches.

2. It was, therefore, error to deny a motion for an order directing
that an execution issue against income from funds bequeathed to
trustees, in trust, to apply the annual income to the maintenance and
support of the judgment debtor, his wife or children or any one or
more of them in the discretion of the trustee, an execution having been
issued and returned unsatisfied.   The judgment debtor having a wife
and children living, the courts may not interfere with the discretion
vested in the trustee, but if such discretion is ever exercised in favor
of the judgment debtor during the time, however brief, the award
precedes the delivery of the income he is to receive, the lien of the
execution attaches.

*Hamilton* v. *Drogo*, 214 App. Div. 819, reversed.

(Argued November 23, 1925; decided January 12, 1926.)

26

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 13, 1925, which affirmed an order of Special Term denying a motion for an order directing that an execution issue against the income derived from a trust fund.

The following question was certified: " Can the trust fund created by will of defendant's mother in his favor, held by and in the possession of the United States Trust Company of New York, be reached on execution of a judgment in favor of the plaintiff against the defendant under section 684 of the Civil Practice Act? "

*Louis Marshall, Charles E. Thorn* and *James Marshall* for appellant. The will of defendant's mother created a spendthrift trust in his favor which can be reached on execution under section 684 of the Civil Practice Act. (*Bramhall* v. *Ferris*, 14 N. Y. 41; *Williams* v. *Thorn*, 70 N. Y. 270; *Dittmar* v. *Gould*, 60 App. Div. 94; *Brearley School* v. *Ward*, 201 N. Y. 358; *Matter of Ungrich*, ·201 N. Y. 415; *Heppenstall* v, *Baudouine*, 73 Misc. Rep. 118; *Jenks* v. *Title G. & T. Co.*, 170 App. Div. 830; *Howard* v. *Leonard*, 3 App. Div. 277; *Keeney* v. *Morse*, 71 App. Div. 104; 2 Wharton on Conflict of Laws [3d ed.], § 599-c; *Matter of Reynolds*, 243 Fed. Rep. 268.)

*Henry W. Taft, Thomas B. Gilchrist* and *Catherine C. Noyes* for respondent. No part of the income of the residuary trust under the will of Consuelo, Dowager Duchess of Manchester, is subject to garnishment by a creditor of the Duke of Manchester under section 684 of the Civil Practice Act. (*Ellis* v. *Chapman*, 165 App. Div. 79; *Raymond* v. *Tiffany*, 59 Misc. Rep. 283; 140 App. Div. 909; *Myers* v. *Russell*, 60 Misc. Rep. 617; *Nichols* v. *Eaton*, 91 U. S. 716; *Brooks* v. *Raynolds*, 59 Fed. Rep. 923; 154 U. S. 495; *Davidson* v. *Kempner*, 79 Ky. 5; *Holmes* v. *Penney*, 3 K. & J. 90; *Hall* v. *Williams*, 120 Mass. 344; *Phillips* v. *Phillips*, 112 N. Y. 197; *Matter of*

*Keleman,* 126 N. Y. 73; *Lawrence* v. *Cooke,* 104 N. Y. 632.)

ANDREWS, J.  By her will the dowager Duchess of Manchester bequeathed to trustees (now represented by the respondent) over one million dollars in trust, during the life of her son, to apply the annual income " for the maintenance and support or otherwise, for the benefit of all or any one or more exclusively of the other or others of him my said son his wife and children or other issue as my * * * trustees in their sole and uncontrolled discretion without being liable for the exercise of such discretion think fit." There was no attempt to provide for any accumulation of this income. Therefore, as the son in question, the present duke, has both a living wife and living children it became the duty of the trustee, annually or oftener, to exercise the discretion so confided to it, and to distribute the income among some or all of the persons mentioned as possible beneficiaries. Precisely how or when this discretion should be exercised is not material, but having been exercised those or the one to share in the income then to be distributed were or was entitled to receive the allotment made to them or him.

The appellant obtained a judgment in the Supreme Court against the Duke of Manchester. An execution was issued and returned unsatisfied. Thereupon the judgment creditor applied to a justice at Special Term for an order that an execution issue against the income from the trust funds of the defendant in the possession of the respondent as trustee to the amount of ten per cent thereof pursuant to Civil Practice Act, section 684. This section provides that after the entry of judgment and the return of an execution unsatisfied " where any * * * income from trust funds * * * are due and owing to the judgment debtor or shall thereafter become due and owing to him to the amount of twelve dollars or more per week " upon application of the creditor the justice must

grant " an order directing that an execution issue against the * * * income from the trust funds * * * of said judgment debtor, and on presentation of such execution * * * to the person or persons * * * from whom such * * * income from trust funds * * * are due and owing or may thereafter become due and owing to the judgment debtor, said execution shall become a lien and a continuing levy upon the * * * income from trust funds * * * due or to become due to said judgment debtor " for a certain percentage thereof. There is no requirement that the income be due at the time the order is made and the execution served. It is enough either that it will become due in the future from the trustee to the *cestui que trust*, or that it may become so due. If ever the day of payment arrives the lien of the execution attaches. The intention of the Legislature was to extend the scope and effect of an execution as it had theretofore existed.

In the present case no income may ever become due to the judgment debtor. We may not interfere with the discretion which the testatrix has vested in the trustee any more than her son may do so. Its judgment is final. But at least annually this judgment must be exercised. And if it is exercised in favor of the duke then there is due him the whole or such part of the income as the trustee may allot to him. After such allotment he may compel its payment. At least for some appreciable time, however brief, the award must precede the delivery of the income he is to receive and during that time the lien of the execution attaches.

The orders appealed from should be reversed, with costs in all courts. An order should be granted directing the issuance of an execution in the form prescribed by Civil Practice Act, section 684. with ten dollars costs. We construe the question certified to mean: May the income of the trust fund held by the respondent, after the whole or any part thereof exceeding twelve dollars

per week has been allotted to the Duke of Manchester, be reached on execution; and as so construed we answer it in the affirmative.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and LEHMAN, JJ., concur.

Orders reversed, etc.