In the Matter of JOSEPH H. SAND, Appellant, *v.* STANLEY Y. BEACH, Respondent.

EDWARD M. MEEK, as Trustee for STANLEY Y. BEACH under the Will of JENNIE B. GASPER, Deceased, Respondent.

(Argued January 6, 1936; decided March 3, 1936.)

*Joseph H. Sand* and *William W. Lesselbaum* for appellant. The income from a spendthrift trust is subject to garnishee execution under section 684 of the Civil Practice Act. (*Brearley School* v. *Ward*, 201 N. Y. 358; *Matter of Ungrich*, 201 N. Y. 415; *Hamilton* v. *Drogo*, 241 N. Y. 401.) The income from a spendthrift trust does not escape the lien of a garnishee execution by the use of the expedient of permitting the trustee himself to disburse the income for the benefit of the debtor or by permitting the trustee to pay the income into the hands of the debtor for the use of the debtor and his wife. (*Hamilton* v. *Drogo*, 241 N. Y. 401.)

*Randolph W. v.Till* for Edward M. Meek, as trustee for Stanley Y. Beach under the will of Jennie B. Gasper, deceased, respondent. The trust created for the benefit of defendant-respondent and those dependent upon him is a spendthrift trust and is not subject to claims of creditors. (*Hamilton* v. *Drogo*, 241 N. Y. 401.`

LEHMAN, J. The appellant is a judgment creditor of Stanley Y. Beach. The judgment debtor is a beneficiary of a trust created by the will of his aunt, Jennie Beach Gasper, deceased. The judgment creditor has applied to the court for an order directing that an execution

issue against the income of the judgment debtor from the trust fund. The problem presented upon this appeal relates solely to the determination of what income from the trust fund is due and owing or will hereafter *become due and owing to the judgment debtor.* A percentage of such income may be reached through execution by a judgment creditor. (Civ. Prac. Act, § 684.)

Under the will of the testatrix the trustee appointed therein holds the trust fund " for the following uses and purposes, to wit: To receive the rents, income and proceeds thereof and to pay the same either direct and in person to my nephew Stanley Y. Beach, or for the use and benefit of my said nephew and those dependent upon him, during his lifetime, and in the manner and amounts, and at the times and for the purposes that said trustee, or his successor or successors, in his discretion may deem best, but not to any conservator or guardian appointed by a court, and my said nephew shall not have the right or power to assign or transfer the same, or any part of the same without the consent, in writing, of said trustee, his successor or successors, until it shall have actually reached my said nephew's own hands; nor shall any creditor or other person have the right or power to subject the same by legal or equitable process, or in any way without the consent in writing of said trustee, his successor or successors."

It is clear that the testatrix intended to provide for the support of her spendthrift nephew and those dependent upon him and to make the interest of her nephew in that fund exempt from execution or other process by which otherwise such interest or a part thereof could be applied in satisfaction of the debts of the beneficiary. The law attaches certain incidents to the tenure of property quite independent of the will of the owner. " There is recognized in every civilized country the obligation of a man to pay his debts if he has property out of which they can be satisfied, and the failure to do so is moral dishonesty." (*Brearley School* v. *Ward,* 201 N. Y. 358,

372.) The State may in proper case make some forms of property alienable or inalienable. It may provide that some forms of property may be reached by creditors through execution or other process. The State has plenary power to regulate the tenure of real and personal property within its borders. It may say " *sic volo, sic jubeo.*" (*Brearley School* v. *Ward, supra.*) The testatrix could not during her lifetime exempt her property from the power of the State to regulate the incidents of its tenure, nor could she by will confer such exemption upon the property which passed under her will. Here the intention of the testatrix is irrelevant. It may be considered only in the construction of the will, and hence in the definition of the property rights which passed thereunder. If the judgment debtor has received under the will the right to the income of the trust fund, the judgment creditor is entitled to an order directing that an execution issue against such income as is or may become due and owing to him.

The trustee under the will is clothed with discretion whether to pay the rents, income and profits to the judgment debtor or to apply them to the use or benefit of the judgment debtor and those dependent upon him during his lifetime. We may not interfere with the discretion which the testatrix has vested in the trustee. His discretion is limited, however, to the payment of the income direct to the judgment debtor or to its application for the benefit of the judgment debtor and those dependent upon him. If the trustee chooses the first alternative, then income from the trust fund will undoubtedly become due and owing to the judgment debtor and may be reached by execution. (*Hamilton* v. *Drogo*, 241 N. Y. 401.) So the courts below have decided, and to that extent their decision is not challenged. The question remains whether the judgment creditor may, by execution, reach the income of the fund in the event that the trustee, in the exercise of his discretion, chooses the second

alternative and decides to apply the income of the trust fund for the use and benefit of the judgment debtor and his wife, who is dependent upon him.

If the discretion of the trustee were wide enough to permit the trustee to pay to or apply the income of the trust fund to the use or benefit of some person other than the judgment debtor, then to the extent of such payment or application the income of the trust fund would, in no sense, be due or owing to the judgment debtor. The income would then belong under the will to another person, and the judgment debtor would have no interest in it. So we decided in the case of *Hamilton* v. *Drogo* (*supra*). In that case the will of the testatrix provided that the trustee during the lifetime of her son apply the annual income of a trust fund " for the maintenance and support or otherwise, for the benefit of all or any one or more *exclusively* of the other or others of him, my said son his wife and children or other issue as my * * * trustees in their sole * * * discretion * * * think fit." Thus choice of the person for whose benefit the income of the fund should be applied rested solely with the trustee, and if the trustee chose to apply the income exclusively for the benefit of the wife or any one of the children of the judgment debtor, the judgment debtor would have no right to such income any more than if the trust had been originally established for the exclusive benefit of such wife or child.

Here the situation is quite different. The trustee cannot, in the exercise of his discretion, apply the income of the trust fund exclusively for the benefit of the wife of the judgment creditor. If he does not pay the income to the judgment debtor, the trustee must apply it for the use and benefit of the judgment debtor *and* his dependents. If the direction of the will had been to pay the income to the judgment debtor or to apply it for his support or benefit, the dependents of the beneficiary, though not mentioned in the will, could still have demanded that provision be made from the income for

their support. (Cf. *Wetmore* v. *Wetmore*, 149 N. Y. 520; American Law Institute; Restatement of the Law of Trusts, § 157.) Thus the express addition in the will of the words " *and* those dependent upon him " does not detract from the right of the judgment debtor to require payment to him of the entire net income of the trust fund or its application for his use and benefit. They confer upon his wife no rights that she would not have otherwise enjoyed.

In the light of the history of the legislation permitting creditors of a beneficiary of a trust fund to reach a part of the income of the fund, it may hardly be doubted that the words "income from trust funds  *  *  *  due and owing to the judgment debtor " were intended to include income which must be applied to the use of the judgment debtor. (Civ. Prac. Act, § 684.) The courts have refused to draw any distinction between a trust to pay over income to a beneficiary and a trust to apply income for the use of a beneficiary. (Cf. *Matter of Ungrich*, 201 N. Y. 415.) The purpose of section 684 of the Civil Practice Act was to permit judgment creditors to reach a portion of the income derived from a trust fund enjoyed by the judgment debtor and to that extent destroy the immunity of the beneficiary of a spendthrift trust from claims of his creditors. That purpose cannot be thwarted by a testator or settlor through the use of meaningless formulas. No person can be given a *right* to the use of income free from claims of his creditors. The test is only whether the judgment debtor has a right to the use of the income.

Order should be modified, with costs to appellants, and motion for an order that execution issue against the income of the trust granted.

The orders should be modified in accordance with this opinion and as so modified affirmed, with costs to the appellant.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.