## HERZOG et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 54.

Circuit Court of Appeals, Second Circuit.

Jan. 6, 1941.

592

Choate, Byrd, Leon & Garretson, of New York City (William Byrd, of New York City, of counsel), for petitioners on review.

Samuel O. Clark, Jr., Asst. Atty. Gen. (J. Louis Monarch and Lee A. Jackson, Sp. Assts. to Atty. Gen., of counsel), for respondent-commissioner.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

On June 28, 1926, the petitioner, Edward Rayne McComb Herzog, and Pauline Stevenson Herzog were married in the City of New York. Thereafter three children were born of the marriage, and the spouses have been and are now living together as husband and wife.

On August 23, 1935, Herzog, by instrument in writing executed in the City of

New York, transferred certain securities of the value of $214,137.38 to the Bank of New York and Douglas S. Gibbs in trust. The trust instrument provided that the trustee should hold, invest and reinvest the securities and any additions thereto, and should pay the net income therefrom to the grantor and his wife, so long as they should be living together, at such times and in such proportions as the individual trustee Gibbs, or his successors, should in his or their discretion deem proper, with power on the part of Gibbs or his successors to allocate the entire net income either to Herzog or his wife so long as they are living together as husband and wife. The trust instrument further provided that the trustees upon the death of the wife, or in the event she should cease to live with the grantor, should pay the net income to him and to his children then living at such times and in such proportions as Gibbs, or his successors, should deem proper, with power to allocate the entire net income to the grantor, or among his said children.

Upon the death of the grantor, before that of the wife, the trustees were to divide the trust fund into equal shares for the wife and children and to pay the net income of the wife's share to her, and of each child's share to that child, until he should reach the age of twenty-five years. Each child on reaching twenty-five should receive the principal of his share or, if he should die before twenty-five, then upon his death, his share should be paid to his issue, or in default of issue to the then living issue of the grantor. Upon the death of the wife, the principal of her share was to be paid to the issue of the grantor per stirpes.

Upon the death of the grantor after that of his wife, or after she should have ceased to live with him, the trustees were to divide the trust fund into as many shares as he should have children and to pay the income to each child until he became twenty-five years of age and, upon his reaching twenty-five years, to pay over the principal of his share to him or, should he die before that time, to pay the principal to his issue or, should he leave no issue, to the then living issue of the grantor.

The grantor retained no right to alter, amend or revoke the trust, or to change the beneficial interests as fixed by its terms.

By an instrument in writing of even date with the Trust Deed the individual trustee

Gibbs directed the corporate trustee, Bank of New York, to pay all of the income to the grantor until further notice. This was done and the income has been included in his individual tax returns. No other allocation has ever been made.

After the grantor had transferred the securities to the trustees he retained other property of the value of $350,000. His wife's assets had a value of only about $9,000 and she was dependent upon her husband for support. He received $35,800 income from the trust securities in 1935 and his wife's income from her property was $104.52 in 1938. Both when the transfer was made, and at all times thereafter, he and his wife and children were domiciled in New York City.

The grantor, believing that the transfer of the remainder interest in the trust was the only item subject to a gift tax, made a return as to that interest and paid a tax of $224.46 on the value thereof. The Commissioner, however, held that the transfer of the entire fund of $214,137.38 was subject to a gift tax and assessed a deficiency of $9,297.90 accordingly. Upon a petition for a redetermination of this deficiency the Board of Tax Appeals affirmed the Commissioner, and from its order both the transferor and the trustees have taken this appeal.

Commissioner Sternhagen, writing for the Board, said:

"It was only by virtue of the trustee's direction, which on this record must be regarded as entirely voluntary, that the donor received any of the income; and this direction might be terminated whenever the trustee deemed it proper that the wife should receive the income. Such a hope or passive expectancy is not a right. It is not enough to lessen the value of the property transferred."

" * * * Since the transfer by the petitioner was complete, the gift tax is, by its own terms, applicable to the value of the entire property transferred."

■ We think the decision of the Board right and that its order should be affirmed.

The question before us is whether the gift tax provided by Section 501 of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev. Acts, page 580, is applicable to the entire property transferred in trust or to only the remainder distributable at or after the grantor's death.

The statute referred to reads as follows:

"§ 501. *Imposition of Tax*

"(a) For the calendar year 1932 and each calendar year thereafter a tax, computed, as provided in section 502, shall be imposed upon the transfer during such calendar year by any individual, resident or nonresident, of property by gift.

"(b) The tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible * * *".

■ It is argued on behalf of the grantor that there was no gift except of the remainder interests because the grantor retained an equitable life interest in himself. We think that the contention is unsound for the grantor retained no right to receive income but only a chance to receive it by reason of the exercise of a power in his favor by the individual trustee. In support of an estate in the trust on the part of the grantor it is argued that his creditors might reach the income through a suit in equity directing the trustee to exercise the power in their favor. Such a result cannot be substantiated. In New York where a trust has been created by a third person, the income of which may be applied to the use of some person in the discretion of a trustee, it has been held by the Court of Appeals that the trustee cannot be compelled to exercise his discretion in favor of the person in question or the creditors of the latter. Hamilton v. Drogo, 241 N.Y. 401, 150 N.E. 496; Sand v. Beach, 270 N.Y. 281, 200 N.E. 821. While here the trust was created by the grantor, there is no New York decision holding that the rights of creditors would differ from those available to them in a case where the trust is set up by a third party if the exercise of a power for his benefit is wholly dependent upon the discretion of the trustee. Under the New York statute the trustee is not compelled to exercise the power given in the present trust in favor of the grantor but only to exercise his discretion in allocating the income among the designated appointees. N. Y. Real Property Law Consol. Laws N.Y. c. 50, § 157.

■ The contention that Professor Scott in his Treatise on Trusts, Section 156.2, and the American Law Institute in the Restatement of Trusts, Section 156, have indicated that creditors of the grantor of a trust like the present could compel the trustee to exercise the power of appointment in their favor is unwarranted. The statements in these treatises to which we have referred were based on decisions differing greatly in the facts upon which they were predicated from the case at bar. In the principal ones at least there was no beneficiary other than the grantor or his estate in whose favor the power might be exercised at the option of the trustee. Petty v. Moores Brook Sanitarium, 110 Va. 815, 67 S.E. 355, 27 L.R.A.,N.S., 800, 19 Ann.Cas. 271; Menken Co. v. Brinkley, 94 Tenn. 721, 31 S.W. 92; Warner v. Rice, 66 Md. 436, 8 A. 84. In all of these the grantor had retained control over the principal and over any income which the trustees had failed to apply to his use. Moreover, none of the decisions cited by Professor Scott were by the New York Courts. Hamilton v. Drogo, 241 N.Y. 401, 150 N.E. 496, and Sand v. Beach, 270 N.Y. 281, 200 N.E. 821, do not suggest any difference between a trust created by a third party and by the grantor if the power sought to be impressed with a trust in favor of the grantor's creditors is to choose the recipient of the income and is one in which the grantor has no voice. The most that can be said for the latter is that the law of New York respecting the right of his creditors to reach the income of the trust is in doubt. In such a case the conclusion reached by the Board should govern. Helvering v. Fitch, 309 U.S. 149, 60 S.Ct. 427, 84 L.Ed. 665.

■ The contention that, if the trustee failed to appoint, the income would pass to the grantor as undisposed of property seems unsound because the trustee would be under a duty to exercise the power in trust allocating the income among the designated appointees and could be ordered by the court to exercise his discretionary power if he neglected to designate the recipient of income within a reasonable time. N. Y. Real Property Law § 157.

It is further argued by the grantor that there was no gift of anything except the remainder because no donee could be identified who was entitled to any intervening estate. In support of this contention the decisions in Porter v. Commissioner, 288 U.S. 436, 53 S.Ct. 451, 77 L.Ed. 880, and, 2 Cir., 60 F.2d 673, are relied on. There the grantor of a trust had reserved a power to revoke the appointments and to substitute other beneficiaries expressly excepting himself and his estate. In holding that the corpus of such a trust should be included in the grantor's estate and subjected to an

estate tax because the grantor had not parted with control over it, Judge Learned Hand said: "* * * Though he has finally denuded himself, he controls the disposition while he lives; the existing limitations are conditional upon his pleasure. A gift is a bilateral transaction and demands a donee as well as a donor; it is incomplete though the donor has parted with his interest, if the donee remains indeterminate, and the beneficiaries are determined only when the power to change them ends." Porter v. Commissioner, 2 Cir., 60 F.2d at page 674.

This language was only used in respect to a power reserved to the grantor and not given to a third party. The taxpayer here had parted with all control over the appointment.

Similar reasoning was employed in Hesslein v. Hocy, 2 Cir., 91 F.2d 954, where a like power was reserved by a grantor for himself and it was held that the corpus was not subject to a gift tax because nothing had "been done to give assurance that any part of the principal will ever be received by the named donees" (91 F.2d page 955). Cf. Estate of Sanford v. Commissioner, 308 U.S. 39, 60 S.Ct. 51, 84 L.Ed. 20.

We need not determine the disputed question whether trustees or beneficiaries are to be subjected to liability as donees. The text of Section 501 (a) and (b) calls for the imposition of a tax upon a transfer of property by gift of any individual "in trust or otherwise", and the only problem for us is whether the grantor completely parted with control over his property. It seems clear that the transfer would have been subjected to a gift tax if the deed of settlement had provided that the trustee should allocate the income accruing during each year of the grantor's life to a particular student who happened to lead the senior class in Columbia College. In the present case, where the taxpayer had parted with every actual right in the corpus and only retained an expectancy, we think that the gift was equally subject to tax. Rheinstrom v. Commissioner, 8 Cir., 105 F.2d 642, 124 A.L.R. 861.

■ The grantor also argues on the authority of Estate of Sanford v. Commissioner, 308 U.S. 39, 60 S.Ct. 51, 84 L.Ed. 20, that a gift tax is not imposed on the intermediate interests in the trust because the corpus will be included in the grantor's estate at the time of his death. We do not think that the statute justifies this conclusion.

Section 302 (c) of the Revenue Act of 1926, as amended by Section 803 (a) of the Revenue Act of 1932, 26 U.S.C.A. Int. Rev.Acts, page 228 provides that there shall be included in the gross estate of a decedent property of which he has at any time made a transfer by means of a trust "under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; * * *".

In the case at bar the taxpayer has not retained a right to the income, nor has he retained in conjunction with any person the right to designate the recipients of it. Moreover, as we read the opinion in Helvering v. St. Louis Trust Co., 296 U.S. 39, 56 S.Ct. 74, 80 L.Ed. 29, 100 A.L.R. 1239, no member of the majority or minority of the court suggested that a discretionary power to terminate a trust which was vested solely in the trustee was sufficient to subject the corpus to an estate tax on the ground that it was part of the property of the grantor. While Helvering v. St. Louis Trust Co., supra, was overruled by Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 125 A.L.R. 1368, 84 L.Ed. 604, because the contingent reversion retained by the grantor subjected the corpus of the trust to an estate tax, nothing was said about the effect of the discretionary power.

■ It may be added that the Revenue Act provides for the credit of gift taxes on estate taxes subsequently levied on property included in the gift and that the possibility of overlapping does not necessarily preclude the imposition of a gift tax here. Tyler v. United States, 281 U.S. 497, 50 S.Ct. 356, 74 L.Ed. 991, 69 A.L.R. 758; Helvering v. Bowers, 303 U.S. 618, 58 S.Ct. 525, 82 L.Ed. 1083; Lilly v. Smith, 7 Cir., 96 F.2d 341; Commissioner v. Hart, 3 Cir., 106 F.2d 269; Helvering v. Bullard, 303 U.S. 297, 58 S.Ct. 565, 82 L.Ed. 852. In transfers to tenants by the entirety and in trust settlements made after March 3, 1931, under which income is reserved to the settlor for life, estate taxes are imposed which to some extent overlap gift taxes. We do not understand that Estate of Sanford

596

v. Commissioner, supra, inferentially over-ruled the decisions in the cases last mentioned, or that it went any farther than to hold that because a transfer in trust which was incomplete would ultimately be subject to estate tax it was not subject to gift tax. If, as in the case at bar, the transfer is complete, very likely a gift tax might be imposed regardless of any possible future estate tax although for the reasons we have already given the estate tax provisions would not seem to cover the trust.

We find no merit in the contention that, so far as the trust provides for an allocation of income during the grantor's life for the benefit of his wife and minor children, a gift tax could not be imposed because he was under a legal obligation to support them. There was no attempt to prove that the purpose of the trust was to fulfill such an obligation and there would seem to be no a priori reason for reading such an intent into the instrument of settlement. Shanley v. Bowers, 2 Cir., 81 F. 2d 13.

For the foregoing reasons, we think the gift tax was properly imposed.

Order affirmed.