**BLUNT v. KELLY, Former Collector of Internal Revenue.**

**No. 7966.**

Circuit Court of Appeals, Third Circuit.

Argued July 7, 1942.

Decided Nov. 20, 1942.

Horace C. Jeffers, of Morristown, N. J. (King & Vogt and Harold A. Price, all of Morristown, N. J., on the brief), for appellant.

James P. Garland, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, and J. Louis Monarch, Sp. Assts. to the Atty. Gen., and Charles M. Phillips, U. S. Atty., and Thorn Lord, Asst. U. S. Atty., both of Trenton, N. J., on the brief) for appellee.

Butzel, Eaman, Long, Gust & Bills and Thomas G. Long, all of Detroit, Mich., Amici Curiae.

Before MARIS and GOODRICH, Circuit Judges, and BARD, District Judge.

BARD, District Judge.

The question presented by this appeal is whether the transfer of securities by a deed of trust created by Edith E. Blunt constituted a transfer to take effect in possession or enjoyment at or after her death so as to be subject to the federal estate tax under Section 302(c) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev. Acts, page 227.

On April 21, 1925 Mrs. Blunt executed a deed of trust transferring the securities in question to trustees to pay her the income thereof for her life and, upon her death, to divide the principal into six equal parts and transfer them to her children. As one of the trustees under this indenture she named her son, Albert C. Blunt, Jr., who was also one of the remaindermen thereunder. The trust deed provided, inter alia, as follows:

"Should in their opinion the necessity arise, the Trustees are hereby empowered to use such portion of the principal of the trust fund as may seem proper for the support, care or benefit of the party of the first part."

Between the date of the creation of this trust and the date of her death in 1934 Mrs. Blunt lived well within her income and never sought nor received from the trustees any portion of the principal of the trust.

Following the death of Mrs. Blunt appellant, as her executor, filed a federal estate tax return in which he did not include, as part of the gross estate of the decedent, the value of the securities which she had transferred in trust. The Commissioner of Internal Revenue determined that under Section 302(c) of the Revenue Act of 1926, these securities constituted a part of the gross estate of the decedent subject to the federal estate tax. Appellant paid the additional tax assessed and, after his claim for refund had been denied by the Commissioner, brought the present suit to obtain the refund claimed.

Section 302(c) of the Revenue Act of 1926[1] provided:

[1] In the opinion of the District Court the case was decided on a construction of Section 302(c) of the Revenue Act of 1924, 26 U.S.C.A. Int.Rev.Acts, page 67, and the appellant in his brief argues this appeal on the assumption that this was the applicable statute. Inasmuch as the death of Mrs. Blunt occurred in 1934, it would appear that Section 302(c) of the Revenue Act of 1926, which replaced Section 302(c) of the Revenue Act of 1924, was applicable. There is however but a very slight variation in phraseology between these two sections which in no way affects the problem presented.

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property * * *

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death * * *."

The District Court held, upon the authority of Klein v. United States,[2] and Helvering v. Hallock,[3] that in view of the provision of the trust deed empowering the trustees to apply the principal of the trust to the support, care or benefit of the settlor if in their opinion the necessity should arise, the transfer of the securities was intended to take effect in possession or enjoyment at or after her death within the meaning of this section.[4]

■ Appellant advances two arguments why the trial court erred in holding that the transfer was intended to take effect in possession and enjoyment at or after the death of Mrs. Blunt rather than when she executed the trust deed. The first is that since one of the trustees to whose opinion the settlor left the determination of the necessity of applying any or all of the principal of the trust to her support, care or benefit, was a remainderman and therefore a person who had an interest therein adverse to her interest with respect to the principal, she thereby effectively terminated her interest therein. In support of this contention appellant relies upon Reinecke v. Northern Trust Co., 278 U.S. 339, 49 S.Ct. 123, 73 L.Ed. 410, 66 A.L.R. 397, and Commissioner v. Flanders, 2 Cir., 111 F.2d 117. In the first of these cases it was held that a transfer in trust was not intended to take effect in possession or enjoyment at or after the death of the settlor where the only interest retained by the settlor was the right to alter or modify the trust provisions with the consent of the beneficiary. In the second case the interest retained by the settlor was the right to obtain the proceeds of the trust assets if the trustees at any time, after first obtaining the consent of the settlor, wished to sell the assets. It was

held that, when one of the beneficiaries became a trustee and hence the right of the settlor to realize anything from the principal of the trust depended upon the consent of this beneficiary to sell the trust assets, the transfer took effect in enjoyment prior to the death of the settlor.

It will be noted that in each of the cases relied upon by the appellant the interest retained by the settlor depended upon the uncontrolled decision of the beneficiary to relinquish his interest in favor of the settlor—a situation not materially different from that which would exist if the settlor had failed to make such a provision in the trust deed.

■ In the present case, however, the trust deed specified the circumstances under which the settlor would be entitled to receive the principal during her lifetime, namely, should the necessity arise, in the opinion of the trustees, to use the principal for her support, care and benefit. It is true that under this provision the trustees, one of whom held an adverse interest, were required to form an opinion as to the existence of any such necessity, but in so doing the trustees were not making a free and uncontrolled decision. They were of course bound to form their opinion on the existence of any such necessity in good faith and were subject to the control of the equity courts if they failed to do so. Read v. Patterson, 44 N.J.Eq. 211, 14 A. 490, 6 Am.St.Rep. 877; Restatement of the Law of Trusts, § 187. Under these circumstances, the lower court properly held that the transfer of the securities by the trust deed was one which did not take effect in possession and enjoyment until the death of the settlor since, until then, it might have become necessary under the terms of the trust to apply the principal to her support, care or benefit.

The above is sufficient answer to the second contention of the appellant that settlor divested herself of all interest in the securities in question when she created the trust, because the discretion to apply the principal for her benefit or use was given to the trustees and not retained by her. Although this contention was apparently upheld in Billings v. United

[2] 283 U.S. 231, 51 S.Ct. 398, 75 L.Ed. 996.

[3] 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368.

[4] It further held, upon ample evidence, that the transfer was not in contemplation of death within the meaning of this section. From this holding the government has not appealed.

States, 24 Am.Fed.Tax Rep. 1161, Prentice Hall 1939 Federal Tax Service, Vol. 1, par. 5,305, it was rejected on facts substantially identical to those of the present case in Chase National Bank of the City of New York v. Higgins, D.C., 38 F.Supp. 858.

The Supreme Court in the Klein and Hallock cases, supra, relied upon by the District Court, held that a possibility of reverter, if the settlor survived the beneficiary, was sufficient to render the trust assets subject to the federal estate tax because this possibility was not extinguished until the settlor's death. In view of what has been said earlier in this opinion as to the interest which was retained by the settlor in the trust principal in the present case, it is clear that in this case, as in those, the death of the settlor was the condition terminating the possibility of her enjoyment of the principal under the provisions of the trust.

The judgment of the District Court is affirmed.