DAISY B. PLUMMER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 105502. Promulgated June 25, 1943.

*John W. Windhorst, Esq.,* and *Leland W. Scott, Esq.,* for the petitioner.

*F. R. Shearer, Esq.,* for the respondent.

OPINION.

OPPER. *Judge:* In several respects the present proceeding bears striking resemblances to *Smith* v. *Shaughnessy.* 318 U. S. 176. Petitioner here reserved the income of the donated property for life and the right to diminish the principal to the extent of $15,000 a year while she lived. Respondent's concession here that the value of the life estate should be excluded from the taxable gift is comparable to the admission on the part of the petitioner in the *Smith* case that the life estate was subject to gift tax. It is also conceded here by respondent, as it was in the *Smith* case. that the value of petitioner's right to receive back the gift upon the occurrence of the necessary contingencies is susceptible of actuarial computation, and that it, as well. is to be excluded from the taxable portion of the gift. There remains to be considered here, as in the *Smith* case, the question whether what is left after making allowance for the conceded items. that is, the interest passing from the grantor to the remaindermen, is a gift subject to tax.

On this point it seems to us the principle of *Smith* v. *Shaughnessy* is controlling. Cf. *Estate of Lester Field.* 2 T. C. 21. At the time the gift was created the possibility that the donor could regain any part of the property constituting the corpus of the gift depended upon the contingency of how long she might live. It is true that here that period can be measured without reference to the life of any other person, whereas in *Smith* v. *Shaughnessy* the question depended upon whether the donor should outlive the life tenant. It is difficult, however, to envisage a different result in the *Smith* case if the reversionary interest of the grantor had depended only upon his survival for a specified number of years. If anything, the measurable uncertainty is less, since we need deal with only one life. It would have been equally true in that situation, and is as true here, that "the grantor has neither the form nor substance of control and never will have unless he outlives" the stipulated period.

It is also true that in the *Smith* case the donor's reversion was unitary and became complete upon his survival of the life tenant. whereas here the donor's power of revocation is in effect piecemeal. and may be realized in installments as time passes and she survives. But it is recognized by both parties that if petitioner lives for 26 years these periodic withdrawals would enable her to recapture the property in full. While this may affect the computation of the value of her retained interest, we are unable to see that it constitutes a distinction in principle. This is virtually conceded by petitioner who says in her

brief: "It seems apparent that the power to revoke the trust in its entirety at the end of a specified number of years is no different than the power to revoke the trust through withdrawals of corpus in annual installments." Nor does the donor's retention of a life estate suffice to prevent the application of the tax, even though the estate tax may also attach. *Robinette* v. *Helvering,* 318 U. S. 184. We think it follows that the value of the remainder interest in the trust which petitioner created must be held to have constituted a taxable gift on the authority of the *Smith* and *Robinette* cases. This conclusion can not be reconciled with *Emily Trevor.* 40 B. T A. 1241, which we must regard as overruled by those cases, and which will no longer be followed.

The computation of the value of the gift to the extent that it remains in issue is controlled by *Henry F. du Pont,* 2 T. C. 246, decided herewith.

Reviewed by the Court.

*Decision will be entered for respondent.*

LEECH, *J.*, concurs only in the result.