## TOELLER'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE.
### No. 9188.

Circuit Court of Appeals, Seventh Circuit.
Jan. 22, 1948.

Charles R. Sprowl and Cassius M. Doty, both of Chicago, Ill., for petitioner.

J. P. Wenchel and John T. Rogers, both of Washington, D. C., Theron L. Caudle, Asst. Atty. Gen., and Sewall Key, Lee A. Jackson, Carlton Fox, and Morton K. Rothschild, Sp. Assts. to Atty. Gen., for respondent.

Before SPARKS and KERNER, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

The question presented by this review of a Tax Court decision is whether a certain transfer in trust by decedent in 1930, was properly included in his gross estate for estate tax purposes. The Tax Court held it was for the reason that there was a reservation of the right to invade the corpus for the grantor's benefit. Alternatively, the Commissioner contends that the trust corpus is includible in the estate for the reason that decedent retained a possibility of reverter by operation of law.

The facts were, for the most part, stipulated. The trust in question was created in 1930 by Dr. Toeller who was then living apart from his wife and their three children. It provided for payment on certain conditions of one third of the net income to the grantor's wife, an annuity of $500 to or for the benefit of each of their three children during their minority, and the balance to the grantor, and the distribution of the corpus between the wife and children or their descendants after his death. The trustee was allowed a considerable discretion as to these distributions: As to the wife, in the event that she failed to maintain a home for the minor children; as to the minor children, whether to pay directly to them, or to their legal guardian or either of their parents, or by expenditure for their benefit; and also as to the children, whether to expend any portion of the corpus to which any might become entitled before reaching the age of thirty years, for his or her education or support.

Dr. Toeller and his wife were subsequently divorced in 1937, and, in accordance with the terms of the trust agreement, it served as a property settlement between them. He died in 1942. No invasions of the corpus were made during his lifetime as permitted by the provisions of the trust agreement set forth hereafter. Payments of income to him ranged from $1,299 to $3,949 a year.

The clause of the trust agreement, referred to above, which gives rise to the principal controversy, provided:

" * * * Should misfortune or sickness cause the expenses of Trustor to in-

crease, so that in the judgment of the Trustee the net income so payable to Trustor is not sufficient to meet the living expenses of Trustor, then * * * said Trustee is authorized to pay in addition to the income from said Trust Estate such portions of the principal of said Trust Estate as may be necessary under the circumstances. Said Trustee is given the sole right to determine when payments from the principal sum shall be made and the amounts of said payments."

The agreement further provided: "All discretions conferred upon the Trustee by this instrument shall, unless specifically limited, be absolute and uncontrolled and their exercise conclusive on all persons in this trust or Trust Estate."

Petitioner contends that the power of the trustee to encroach upon the principal of the trust for the benefit of the grantor was wholly discretionary, hence no part of the corpus is includible in his gross estate, but that if the trust agreement be construed otherwise, then it would be necessary to compute the reasonable value of the interest of the grantor in the corpus, which computation would prove the interest so small that it would fall below the estate tax exemptions provided by law, hence no tax would be due.

The question of the includibility of the corpus of a trust in a decedent's estate where there was a reservation of a right to invade that corpus for the benefit of the grantor has been before the courts in earlier cases. The principles to be followed in such cases were set forth in Commissioner v. Irving Trust Co., 147 F.2d 946, 949, where the Second Circuit Court of Appeals said:

"In a case where the return of any part of the corpus to the settlor will depend solely upon the discretion of the trustee the true test as to its inclusion in the taxable estate of the settlor is whether the trustee is free to exercise his untrammelled discretion, or whether the exercise of his discretion is governed by some external standard which a court may apply in compelling compliance with the conditions of the trust instrument * * *."

It referred to Blunt v. Kelly, 131 F.2d 632, 633, where the Third Circuit Court of Appeals required inclusion of a trust corpus in the settlor's estate because of the following provision of the trust agreement: "Should in their opinion the necessity arise, the Trustees are hereby empowered to use such portion of the principal of the trust fund as may seem proper for the support, care or benefit of (the settlor)."

The Tax Court in reaching its decision stated that it followed the decisions in the Blunt case, supra, and in Estate of Ida Rosenwasser, 5 T. C. 1043, concluding that the settlor retained the right to payment of the trust corpus, independent of the will of the trustee, in spite of the clause defining the trustee's discretion. The court held that the use of such words might enlarge the limits of the trustee's discretion but the provision of external standards by the trustor unmistakably indicated that limits still existed.

We find no error in this decision. It seems clear that the agreement created an enforceable fiduciary obligation to use whatever part of the corpus it became necessary to use for the benefit of the grantor upon increase of his living expenses resulting from misfortune or sickness. These words provided a fixed standard for ascertaining when a deficiency in income arose requiring invasion of the corpus. Upon the happening of that contingency, the trustee retained no arbitrary power to refuse to deliver over as much of the corpus as was needed by the trustor. We agree with the Tax Court that the trustee did have discretion in the performance of many of its duties, as to which the definition of the agreement was of considerable importance, but that it does not appear that it was intended to apply to the provision set forth which contains specific limitations. That being the case, the trustor retained the conditional right to payment to himself of any part or the whole of the corpus, independent of the will of the trustee, hence, the transfers to the trust were intended to take effect in possession or enjoyment at or after his death within the meaning of section 811(c) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 811(c), and the corpus of

the trust was properly included in his gross estate for tax purposes.[1]

Petitioner asserts that even if the grantor did retain an interest in the corpus, only the reasonable value of that interest should be included in the gross estate, and such interest was so small as to be less than the permissible statutory exemption. As to this the Tax Court said:

"* * * With that conclusion we are unable to agree. The term 'sickness or misfortune' used in the trust instrument is so broad in scope as to cover any conceivable form of calamity, physical, mental or even economic, to which humanity is subject. It is not beyond the realm of possibility that the trustor's needs might approach or exceed the magnitude suggested by petitioner, or that a court would decide that his care, in that event, would be of greater importance than the ultimate inheritance of his former wife and children, of whom only one was still a minor in the later years of the trustor's life. The exigencies of life are such that the probabilities in this regard can not be accurately measured. The important point is that the possibility was present, by reason of the language employed by the trustor, and no limit was imposed on the extent to which the corpus could be so applied, beyond the setting up of the standards which should invoke the application."

We fully agree with this reasoning. It is in accord with the decision of the Supreme Court in Merchants Bank v. Commissioner, 320 U. S. 256, 64 S.Ct. 108, 110, 88 L.Ed. 35. That case raised the question of the deductibility of the corpus of a trust created by will, with income to the wife of the grantor for life, and remainder to certain charities. The will provided for invasion of the corpus, "at such time * * * as my said Trustee shall in its sole discretion deem wise and proper for the comfort, support, maintenance, and/or happiness of my said wife * * *." The Court held that since neither the amount the private beneficiary would use, nor the present value of the gift could be computed, deduction could not be permitted. "Introducing the element of the widow's happiness and instructing the trustee to exercise its discretion with liberality to make her wishes prior to the claims of residuary beneficiaries brought into the calculation elements of speculation too large to be overcome, notwithstanding the widow's previous mode of life was modest and her own resources substantial." While the case is not, of course strictly in point, nevertheless we think the general principle stated is equally applicable to the issue here raised. It was clearly established here that the corpus of the trust could be invaded for the benefit of the grantor and that such invasion might conceivably be to the extent of the entire corpus. That estate was, therefore, correctly included in the gross estate of the settlor.

The Commissioner also contends that the corpus of the estate was includible in the gross estate because of the existence of a possibility of a reverter by operation of law, relying on the decision of this court in Commissioner v. Spiegel's Estate, 159 F.2d 257, now awaiting decision by the Supreme Court. Since we are convinced that the issues presented were correctly decided by the Tax Court for the reasons stated, it is unnecessary for us to consider the applicability of that case.

Decision affirmed.

---

[1] As pointed out by the Tax Court, the trust was executed prior to the passage of the Joint Resolution of Congress, March 3, 1931, hence the reservation of a life interest in a part of the income from the trust did not require its inclusion in the gross estate.