ESTATE OF CHRISTIANNA K. GRAMM, DECEASED, THEODORE K. GRAMM AND IDA G. BETELLE, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27511. Promulgated December 28, 1951.

*Symington P. Landreth, Jr., Esq.*, for the petitioners.
*Maurice Bush, Esq.*, for the respondent.

OPINION.

Rice, *Judge:* The sole issue is whether this transfer in trust by decedent in May 1946 is taxable as a gift under section 1000 of the Internal Revenue Code.[1]

Regulations 108, sec. 86.3, provides, in part, as follows:

As to any property, or part thereof or interest therein, of which the donor has so parted with dominion and control as to leave him no power to change the disposition thereof, whether for his own benefit or for the benefit of another, the gift is complete. But if upon a transfer of property (whether in trust or otherwise) the donor reserves any power over the disposition thereof, the gift may be wholly incomplete, or may be partially complete and partially incomplete, depending upon all the facts in the particular case. Accordingly, in every case of a transfer of property subject to a reserved power the terms of the power must be examined and its scope determined.

\* \* \* \* \* \* \*

A donor shall be considered as himself having the power where it is exercisable by him in conjunction with any person not having a substantial adverse interest in the disposition of the transferred property or the income therefrom. A trustee, as such, is not a person having an adverse interest in the disposition of the trust property or its income.

Both sides agree that the trust established by decedent was testamentary in character and will be includible in her estate under section 811 (c) of the Internal Revenue Code. In line with this, petitioners argue that both a gift and estate tax cannot be owing under one transaction. Petitioners have misconstrued the law on this point. See *Estate of Sanford* v. *Commissioner*, 308 U. S. 39, 45 (1939); and *Herzog* v. *Commissioner* (C. A. 2, 1941), 116 F. 2d 591.

The problem therefore resolves itself into whether the trust which decedent created gave remaindermen an interest which resulted in a taxable gift. The answer depends upon an analysis and interpretation of the trust deed itself.

In this case the settlor retained the income from the trust for her life with various provisions as to what would be done with the principal upon her death. Section FOURTH (i) of the trust deed gave the corporate trustee the power to invade the principal by itself without the consent of the other trustees for any amount which it might

---

[1] Sec. 1000. IMPOSITION OF TAX.

(a) For the calendar year 1940 and each calendar year thereafter a tax, computed as provided in section 1001, shall be imposed upon the transfer during such calendar year by any individual, resident or nonresident, of property by gift. \* \* \*

(b) The tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible; but, in the case of a nonresident not a citizen of the United States, shall apply to a transfer only if the property is situated within the United States.

consider proper for the comfort, education, maintenance, or support of the income beneficiaries, and during the settlor's lifetime she was the only income beneficiary. The assistant trust officer of the Provident Trust Company of Philadelphia, who handled the whole transaction, testified that the first draft of the trust was a revocable trust; that a second draft permitted it to be revoked with the consent of the two children; and that when it was submitted to the Trust Company for examination,

* * * we stated that we would be very reluctant to act as a corporate trustee under an instrument inasmuch as it did not give us the right to take care of our customer, Mrs. Gramm. We felt that the corporate trustee, in view of the fact that their [the two children] adverse interest could block any principal payments, should have the right to use any or all of the principal for the benefit of the settlor in the event that she was in need, and for that reason the clause—I think it is Section (4) (i)—was incorporated in it, giving the corporate trustee alone the power to use the principal for the comfort, maintenance and support of the settlor.

The decedent's attorney corroborated such testimony. Neither witness was cross-examined by the respondent.

Such a provision is necessarily of importance in determining whether there was a complete taxable gift as of the date when the trust deed was signed. There was no restriction in the trust instrument limiting the extent to which the principal might be used for the "comfort, education, maintenance or support" of the settlor. Prior to the creation of the trust, the corporate trustee had acted under a power of attorney dealing with decedent's property. As decedent advanced in years, it was felt that a more concrete type of control should be effected, and the trust was created in lieu of the power of attorney. Sums which decedent might have required for her "comfort," for example, were incapable of determination or calculation at the time of the creation of the trust. The corpus was in medium amount (about $83,000) so that it was possible the corporate trustee would have to invade the corpus for her benefit. Numerous situations can be imagined where such would be done for decedent's "comfort," such as the purchase of a house in which she might live, the necessity of moving to a different climate because of her health, or illness entailing large expenses for doctors, nurses, hospitals.

The power granted to the corporate trustee to invade the principal for the benefit of the income beneficiary was not a completely unfettered power. Certain standards exist under state law; and, where there is abuse of discretion, such abuse can be corrected by a court for the benefit of the beneficiary. See *In re Martin's Estate* (Super. Ct. Pa., 1939), 4 A. 2d 551, citing Restatement of Trusts § 187. *Edward Rayne McComb Herzog*, 41 B. T. A. 509 (1940), affd. (C. A.

2, 1941) 116 F. 2d 591, is distinguishable from this case since there we found that the right to the income of the trust was subject to gift tax because the grantor did not reserve the income to himself, and whether he received it or not was in the uncontrolled discretion of the trustee.

Under such circumstances, it is difficult to see how it can be stated that a complete taxable transfer for gift tax purposes was effected by the deed of trust of May 1946. In *Sanford* v. *Commissioner, supra*, the Supreme Court held that a gift became complete when the power to modify was renounced even though the grantor himself had no right to either the income or the corpus of the trust gift. One of the reasons given by the Court for such holding was that the donees become liable for the gift tax on the gift if it is not paid by the donor; and such liability should not arise in a situation where the next day the donor, by exercise of some power reserved to himself, might divest the donees of their right to ever receive the gift. See also *Commissioner* v. *Allen* (C. A. 3, 1939), 108 F. 2d 961, certiorari denied 309 U. S. 680 (1940).

Perhaps the cases closest to the instant case are those dealing with inclusion in the gross estate of a decedent of the corpus of a trust established by decedent, where the decedent or the trustee had the right to invade the corpus for the benefit of the decedent. In such cases, inclusion in the gross estate of the corpus was required on the grounds that the alleged gift was not complete until the death of the settlor. See *Blunt* v. *Kelly* (C. A. 3, 1942), 131 F. 2d 632; *Estate of Lelia E. Coulter*, 7 T. C. 1280 (1946); *Estate of John J. Toeller*, 6 T. C. 832 (1946), affd. (C. A. 7, 1948) 165 F. 2d 665. See also *Merchants Bank* v. *Commissioner*, 320 U. S. 256 (1943); *Estate of Charles H. Wiggin*, 3 T. C. 464 (1944). Technical changes have been made in the Code with respect to estate taxation subsequent to the above-cited cases, but they are immaterial here.

In *Daisy B. Plummer*, 2 T. C. 263 (1943), the settlor established a trust with income to her for life and remainders over. She also retained the right to withdraw at her request $15,000 per year from the corpus for each year of her life. This Court held that a gift tax was due on the remainder computed by use of actuarial tables assuming withdrawal of the full $15,000 per year. In the case at bar, there was no limitation as to the amount which could be withdrawn by the corporate trustee for the comfort, etc., of the decedent. Such a situation is similar to that in the *Plummer* case where the taxation of the remainder assumed a withdrawal of the full $15,000 per year. Since here we have an unlimited possibility of withdrawal, it is difficult to see how a completed gift resulted from the execution of the deed of trust in May 1946.

We, therefore, hold that respondent erred in determining that a gift tax was owing upon such transfer in trust.

Reviewed by the Court.

*Decision will be entered under Rule 50.*