SARAH GILKEY VANDER WEELE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FREDERICK VANDER WEELE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 53222, 53223.   Filed November 26, 1956.

*John C. Howard, Esq.,* for the petitioners.
*Robert B. Pierce, Esq.,* for the respondent.

OPINION.

WITHEY, *Judge:* The issue presented for our decision is the question whether by means of the creation of the trust on March 25, 1950, and the transfer thereto without consideration of petitioner's stocks, bonds, and the contingent remainder in the assets of the testamentary trust created by her grandfather, petitioner made a completed gift within the meaning of section 1000 of the Internal Revenue Code of 1939.[1]

The respondent has taken the position that the transfer of property in trust by petitioner constituted a taxable gift of the entire trust fund unreduced by an amount equal to the actuarial value of a life estate in the property so transferred.

Petitioners contend that the foregoing transfer in trust did not constitute a completed gift so as to subject the transaction to the imposition of a gift tax. In the alternative, petitioners argue that in the event we determine that the transfer in trust completed on March 25, 1950, resulted in a taxable gift, we should find that petitioner retained a life estate and that the value of the gift should be reduced by an amount equal to the value of a life interest in the trust assets. It is contended by petitioners that Sarah Gilkey Vander Weele did not intend to make a gift of either the trust assets or the income resulting therefrom and that she retained dominion, control, and the right to the beneficial use and enjoyment of both the corpus and income of the trust.

In support of their position, petitioners rely on our decisions in *Alice Spaulding Paolozzi*, 23 T. C. 182, and *Estate of Christianna K. Gramm*, 17 T. C. 1063.

In *Alice Spaulding Paolozzi, supra,* the taxpayer created a trust of which she was, during her lifetime, the sole beneficiary. At the time the trust was established the taxpayer was contemplating marriage to an Italian citizen, by virtue of which she would become an Italian

---

[1] SEC. 1000. IMPOSITION OF TAX.

(a) For the calendar year 1940 and each calendar year thereafter a tax, computed as provided in section 1001, shall be imposed upon the transfer during such calendar year by any individual, resident, or nonresident, of property by gift. * * *

(b) The tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible; * * *

national.  The trust was created for the purpose of enabling the settlor-taxpayer to escape the stringent restrictions to which the Italian Government was subjecting foreign securities held by Italian nationals and for the additional purpose of avoiding the possible confiscation of her property.  The trustees were empowered by the terms of the trust instrument to hold, manage, invest, and reinvest the property as a trust fund until the death of the taxpayer and during her life to pay her as much of the net income as they, in their absolute discretion, should determine to be to her best interest.  Provisions were made for remainders over to the issue of the settlor.  The taxpayer filed a gift tax return in which she reported as a taxable gift the value of the remainder after a life estate of one her age.

The Commissioner determined that the transfer in trust was a complete gift of the entire amount of the property so transferred.  We there upheld the taxpayer's contention that since her creditors could reach the maximum amount which the trustees could pay to her or apply for her benefit, she could realize the economic benefit of the income accruing to the trust during her life simply by borrowing money and then relegating the creditor to the trust income for reimbursement.  We stated as follows at page 187:

In view of the clear exposition of Massachusetts law set out * * * it cannot be gainsaid that petitioner's creditors could at any time look to the trust of which she was settlor-beneficiary for settlement of their claims to the full extent of the income thereof.  This being true, it follows that petitioner, as she points out, could at any time obtain the enjoyment and economic benefit of the full amount of the trust income. * * *

The facts here presented would seem to require a similar conclusion.  Petitioner was entitled to receive the entire net income from the stocks and securities for life or until the vesting in the trustees of petitioner's remainder interest upon the death of her mother.  Upon receipt of the remainder interest of Sarah Gilkey Vander Weele in the trust established by her grandfather, the trustees have power to pay to petitioner for life "such reasonable and substantial portion of the entire net annual income" as "to the trustees in their sole judgment and discretion shall seem desirable and ample for the comfortable well-being and enjoyment of the Donor."

Under the law of Michigan, by which the trust herein is governed, a trust created for the benefit of the settlor does not protect his interest from the claims of creditors, either prior or subsequent.  Mich. Stat. Ann. secs. 26.921 and 27.545; *Gilkey* v. *Gilkey*, 162 Mich. 664. Petitioner's creditors therefore could have reached the income of the trust to the extent that it was distributable to her and petitioner here, as in *Alice Spaulding Paolozzi, supra,* could have obtained the economic benefit and enjoyment of the trust income by creating indebtedness and relegating the creditor to her interest in the trust

for satisfaction. Accordingly, petitioner retained sufficient dominion and control over the income of the trust as to prevent the imposition of a gift tax on the value of the income.

With respect to the transfer of the corpus of the trust, we are of the opinion that our decision in *Estate of Christianna K. Gramm*, *supra*, is dispositive of the question whether petitioner made a completed gift of a remainder to the remaindermen. In that case, the taxpayer created a trust designating a corporate fiduciary and her two children as trustees. The assets transferred to the trust were valued at approximately $84,000. The decedent was to receive the net income for life, and provision was made for distribution upon her death. The deed of trust gave the corporate trustee the power to invade the principal, without the consent of the other trustees, for any amount which it might consider proper for the comfort, education, maintenance, or support of the settlor. The settlor could revoke or amend the trust with the written consent of her children; but if the children were incapable of giving such consent, the execution by the settlor of an instrument in writing would be sufficient for the revocation or alteration of the trust.

We there pointed out that the amount which might be required for the "comfort" of the settlor was incapable of determination at the time of the creation of the trust, and we held that since there was no restriction in the trust instrument limiting the extent to which the principal might be used for the "comfort, education, maintenance or support" of the settlor, there was an unlimited possibility of withdrawal of the trust fund and no completed gift resulted from the transfer.

The trust indenture here in question provides that "In the event that the amounts so payable to the Donor [out of income] do not in the sole judgment and discretion of the Trustees provide for the comfortable well-being of the Donor, the said Trustees may from time to time pay to the Donor such part or all of the principal of the entire trust estate * * * without regard to any obligations herein set forth, or implied, to preserve or conserve any of the trust estate for either the husband of the Donor, or any of the other beneficiaries hereinafter designated." In addition, provision was made for the payment to petitioner of $10,000 out of principal upon the death of her mother and the payment of a like amount every 5 years thereafter for the remainder of petitioner's life.

Thus, it is apparent from the trust instrument here involved, as in *Estate of Christianna K. Gramm*, *supra*, that the power of the trustees to invade the corpus of the trust for the benefit of the petitioner is virtually unrestricted. Moreover, at the time of the creation of the trust, the trustees understood that it was petitioner's intention that the

fund should be used for such items of expense as vacations, travel, sickness, and the unpaid mortgage on petitioners' dwelling. In view of the fact that petitioner created the trust here in issue for the purpose of providing for her personal financial security and the further fact that the corpus of the trust was subject to an unlimited possibility of withdrawal, we are of the opinion that the execution of the deed of trust on March 25, 1950, and the transfer of assets pursuant thereto did not result in a taxable gift within the meaning of section 1000 of the Internal Revenue Code of 1939.

*Decisions will be entered under Rule 50.*