ESTATE OF PAYSON STONE DOUGLASS, DECEASED, GEORGE W. VAN SLYCK AND DOUGLAS R. NICHOLS, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 112178. Promulgated July 31, 1943.

*George W. Van Slyck, Esq.*, for the petitioners.
*Jonas M. Smith, Esq.*, for the respondent.

### OPINION.

OPPER, *Judge:* Petitioner disputes the correctness of a deficiency in estate tax determined in the amount of $43,228.93. The facts are stipulated and are found accordingly. The estate tax return was filed with the collector of internal revenue for the Newark, New Jersey, division. The question is whether the corpus of a trust created by the decedent during his lifetime for the benefit of a minor child is includible in the gross estate by reason of provisions permitting the trustees to "apply the income of such share, or so much thereof as the Trustees may deem advisable, to or for the maintenance, education and support of such minor." The decedent was not one of the trustees.

The relation of this proceeding to *Helvering* v. *Mercantile-Commerce Bank & Trust Co. (Estate of Paul F. Donnelly, Deceased)* (C. C. A., 8th Cir.), 111 Fed. (2d) 224; certiorari denied, 310 U. S. 654, in the estate tax field is similar to that of *Helvering* v. *Stuart*, 317 U. S. 154, to *Douglas* v. *Willcuts*, 296 U. S. 1, in income tax law. But where the legislative intent to cover permissive or discretionary trusts can be gathered from the income tax provisions and particularly from section 167, no corresponding aid is forthcoming from a reliance on section 302. Certainly, decedent's situation does not fit any of the conditions expressly listed in that section. Decedent did not retain during his life "the possession or enjoyment of" the property and he did not have "the right" to the income from it; neither could he "either alone or in conjunction with any person" designate those who should possess or enjoy the property or its income. Nor did there exist at the date of his death any power to change the enjoyment of the property or its income which was exercisable "by the decedent alone or by the decedent in conjunction with any other person." A resort to respondent's regulations indicates that his own interpretation of these sections does

not extend so far. Reference to the permissive trust is significantly absent, for example, from the statement that:

> The use, possession, right to the income, or other enjoyment of the property, will be considered as having been retained by or reserved to the decedent to the extent that during any such period it is to be applied towards the discharge of a legal obligation of the decedent, or otherwise for his pecuniary benefit. [Regulations 80, 1937, Ed., art. 18, as amended.][1]

It is even difficult to refrain from construing respondent's brief as making a comparable admission, for it says,at one point:

> * * * As long as the grantor retained the right to have the income applied in discharge of his legal obligations the corpus is includable in his estate.

And at another concedes that:

> * * * in this case the grantor did not reserve for himself the right to use the funds to carry out a legal obligation * * *

And a search for any different concept as the true purpose of the legislators instantly runs afoul of their opportunity to conform the estate tax provisions more closely to the trust sections of the income tax law, and of their repeated failure to do so. *Higgins* v. *Commissioner* (C. C. A., 1st Cir.), 129 Fed. (2d) 237; certiorari denied, 317 U. S. 658. In our view the principle of the *Donnelly* case is not applicable to a decedent whose obligations will be discharged only through the action of trustees, at least where, as here, the decedent has not included himself among them. Respondent's determination is disapproved.

*Decision will be entered under Rule 50.*

---

[1] Compare, e. g., Regulations 86, article 167-1 (b), construing section 167, Revenue Act of 1934:

\* \* \* \* \* \* \*

"For the purposes of this article, the sufficiency of the grantor's retained interest in the income is not affected by the fact that the grantor has provided that the right to so effect or direct the distribution of income is, or may at some future time be, vested in any person (either alone or in conjunction with the grantor) not having a substantial interest in the income adverse to the grantor."