OPINION. Kern, Judge: Respondent contends that the remainder interests I under the two trusts described in our findings are includable in the gross estate of the decedent settlor “as transfers to take effect in possession at or after death within the doctrine of Helvering v. Hallock (1940), 309 U. S. 106, and section 811 (c) of the Internal Revenue Code,” and also under section 811 (d) (2) of the Internal Revenue Code. The latter contention may be dismissed by pointing out that the decedent settlor had no power under the trust instruments in question “either * * * alone or in conjunction with any person, to alter, amend, or revoke * * While the rights of the remaindermen were, as respondent points out, contingent on whether the corpora of the trusts were disbursed by the trustee to the settlor before the latter’s death, no power to enforce this disbursement was held by the settlor, the right to make such disbursement being in the trustee “in its absolute discretion.” Respondent’s argument that the transfers of the remainder interests under the trusts here in question were transfers to take effect in possession or enjoyment at or after death within the doctrine of Helvering v. Hallock, supra, is based upon the fact that under the terms of the trust instruments the trustee might distribute the bulk 9 of the corpora of the trusts to the settlor during the latter’s life, and 1 consequently his death was the event upon the happening of which the 1 interests of the remaindermen took effect, since so long as he lived 9 there existed a possibility that the trustee would in effect return the 9 trust property to the settlor. 9 This possibility existed, however, not by reason of any power .reserved to the decedent grantor, but because of an absolute and unlimited discretionary power lodged in the trustee, the exercise of which could in no way be controlled by the grantor. Under these circumstances we are of the opinion that the rule in the Hallock case does not apply. See Herzong v. Commissioner, 116 Fed. (2d) 491; Estate of Payson Stone Douglass, 2 T. C. 487; Estate of Edward Lathrop Ballard, 47 B. T. A. 784, 791; affd., 138 Fed. (2d) 512. Before the decision of the Supreme Court in the Bollock case, the answer to this problem would have been free from doubt. Anna B. Kneeland, 34 B. T. A. 816; White v. Poor, 296 U. S. 98. After a careful study of the opinion of the Supreme Court in the Ballock case, we can find no direction to any legislative provision under which the property here in question may be subjected to an estate tax. See Paul, Federal Estate and Gift Taxation, § 7.12. It should be noted that the trusts here in question were created before the adoption by Congress of the Joint Resolution of March 3, 1931, and therefore the reservation of a life interest by the settlor in the income of the trusts is not sufficient to bring the principal into the gross estate of the settlor upon his death. May v. Heiner, 281 U. S. 238; Hassett v. Welch, 303 U. S. 303; Estate of Edward E. Bradley, 1 T. C. 518. Decisions will he entered for petitioners.