Estate of Louis Stewart, Deceased, Louis Stewart, Jr., and Mildred Stewart, Executors v. Commissioner.
Estate of Stewart v. Commissioner
Docket No. 861.
United States Tax Court
1945 Tax Ct. Memo LEXIS 335; 4 T.C.M. (CCH) 59; T.C.M. (RIA) 45015; January 22, 1945, Decided *335 Petitioner's decedent set up a trust in 1913 and died in 1940. His son and son-in-law were made trustees. The son was a beneficiary, and the daughter of the son-in-law was a beneficiary, contingent upon the death of her mother, decedent's daughter, who died in 1916. The trust instrument provided that the trustees might, if they so desired, retransfer the trust corpus to the decedent. Held, that the value of the trust corpus was not includible in decedent's estate, under section 811 (c) or (d) of the Internal Revenue Code. Lemuel Skidmore, Esq., 165 Broadway, New York, N. Y., for the petitioners. Walt Mandry, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: This case involves a deficiency of $19,249.62 in estate tax. The facts are embodied in a stipulation of facts which we adopt as our findings of fact. [The Facts] Petitioner's decedent, Louis Stewart, hereinafter referred to as the grantor, died testate November 30, 1940, a resident of the state of New York. On March 22, 1913, he transferred certain property to Louis Stewart, Jr., his son, and Ernes Stauffen, Jr., his son-in-law, in trust, with directions to set aside one-third thereof and pay the net income therefrom to decedent's wife for life and to divide the remainder into three equal shares, paying the net income of each share, respectively, to his daughters, Mary B. Stauffen and Mildred Stewart, and Louis Stewart, Jr., for life. *337 Upon the death of the wife the corpus of the part set aside for her benefit was to be divided into as many equal parts as there were children of the grantor then surviving and children then deceased leaving children then surviving, and held in trust, paying the net income therefrom to such children and grandchildren of the grantor for life. Upon the death of the beneficiaries the corpus was to go to his or her issue per stirpes, failing in which to such person or persons who were entitled thereto under the Statute of Distribution of the State of New York. The corpus of the shares to be set aside by the trust instrument for the benefit of Mary B. Stauffen and Louis Stewart, Jr., upon the death of the beneficiary was to be distributed under the last will of the respective life beneficiaries, and in default of appointment, to surviving issue, and in case of a failure of issue, to the persons entitled thereto under the intestacy laws of New York. The principal of the trust created in favor of Mildred Stewart upon her death was to go to her issue, and in case of default of issue, one-half to Louis Stewart, Jr., one-fourth to Mary B. Stauffen or their issue then living and the remaining *338 one-fourth to such persons as she designated in her last will or in default of such appointment to the individuals entitled to take under the Statute of Distribution of the State of New York. The trustees had the right to resign without the consent of any of the beneficiaries, and in the event of a vacancy for any cause, the remaining trustee could continue as sole trustee or appoint a cotrustee or a successor or two successors to himself. In the event the trustees resigned at the same time, each had the right to appoint his successor. The trustees accepted the trusts upon the condition that they or their successors might, if they should desire at any time during the life of the grantor, retransfer the trust property to the grantor without being required to resort to legal proceedings for leave to do so and that any such transfer would vest the corpus in the grantor as fully as though the trust instrument had not been executed. Mary B. Stauffen was born prior to the creation of the trusts and died intestate in 1916, leaving surviving her, a husband, Ernest Stauffen, Jr., and one child, Mary B. S. Stauffen, to whom was distributed the corpus of the trust of which her mother was *339 beneficiary. Louis Stewart, Jr., Mildred Stewart, Ernest Stauffen, Jr., and Mary B. S. Stauffen, are still living. Louis Stewart, Jr., has three children now living; Mildred Stewart never married and has no children, and Mary B. S. Stauffen (now Mary B. S. Kniffin) is married and has two children. The grantor's wife died in 1934 and the corpus in the trust created for her benefit was transferred, in trust, in accordance with the trust deed. The estate tax return filed by petitioners with the collector for the second district of New York for the estate of the decedent did not include any amount as the value of the corpus of the trust held under the instrument of March 22, 1913. In his determination of the deficiency the respondent held that the value of the trust property was taxable as part of decedent's gross estate under the provisions of section 811 (c) and/or (d) of the Internal Revenue Code. [1] We will consider the two subsections separately, and examine the contentions based thereon. *340 So far as concerns section 811 (c), the petitioner on brief states that no contention has been made that the transfer was in contemplation of death, and that being made in 1913, prior to September 8, 1916, Regulations 105, section 81.16, recognize that the Commissioner does not consider it within the category of transfers in contemplation of death. Examination of respondent's brief discloses no contention that there was contemplation of death. We therefore eliminate that element of section 811 (c), and consider whether the transfer was "intended to take effect in possession or enjoyment at or after" decedent's death. The respondent states his position to be that until the decedent's death there was the possibility that the property would revert to the decedent, and thus that the transfer comes within the doctrine of Helvering v. Hallock, 309 U.S. 106. That possibility exists, it is argued, by virtue of a power of surrender of the trust corpus to the settlor, even though, as petitioner points out, that power is by the terms of the trust placed in the trustees. The respondent rrelies upon the idea that the trustees, settlor's son and son-in-law, were subservient to the *341 will of the settlor, and that considering the family relationships involved they were mere conduits for the exercise by decedent of the power of surrender of the trust corpus to the settlor. Griffiths v. Helvering, 308 U.S. 355, and Corliss v. Bowers, 281 U.S. 376, are cited in that respect; and on family solidarity Helvering v. City Bank Farmers Trust Co., 296 U.S. 85, is added; and Blunt v. Kelly, 131 Fed. (2d) 632, also Chase National Bank v. Higgins, 38 Fed. Supp. 858, are cited as involving instances where trustees could use trust principal for settlor's benefit, and it was held that transfers were taxable as to take effect at death. The petitioner cites Reinecke v. Northern Trust Co., 278 U.S. 339, as holding that the settlor alone must have power to modify or revoke the trust, without depending upon consent of anyone having adverse beneficial interest, whereas here at least one of the trustees has a beneficial interest in the trust. Reliance is placed upon Hugh M. Beugler Trust, 2 T.C. 1052, wherein though the trustee had the right to distribute principal to the settlor, we held the *342 trust not taxable under section 811 (c) or 811 (d), and that the rule in the Hallock case did not apply. Petitioner also points out that the transfer was made in 1913, prior to any estate tax act, and cites Commissioner v. Flanders, 111 Fed. (2d) 117, wherein the trust was set up in 1910 and it was held that the Fifth Amendment to the Constitution prevented application of section 302 (c) of the Revenue Act of 1926, as amended, the settlor having power over corpus after April 1, 1923, only with concurrence of an adversely interested beneficiary. In our opinion, section 811 (c) of the Internal Revenue Code does not authorize the application of the estate tax here. The trustees, and not the settlor, had the power over the trust corpus. Hugh M. Beugler Trust, supra, presents essentially the instant situation, the trustees alone having discretion to transfer trust principal to the settlor. We there held that the Hallock case did not apply and that the trust corpora were not, under section 811 (c) or (d) of the Internal Revenue Code, includible in gross estate. In Estate of Edward Lathrop Ballard, 47 B.T.A. 784, affd., 138 Fed. (2d) 512 [43-2 USTC [*] 10,074], *343 we refused to apply Helvering v. Clifford, 309 U.S. 331, and the idea that the family situation enabled the settlor to control. See also Estate of Lester Hofheimer, 2 T.C. 773. In the instant matter one of the trustees, settlor's son-in-law, was in fact not a member of the settlor's family after 1916, his wife having died in that year. The fact that his daughter was thereafter a beneficiary with an adverse interest tends to negative any idea that he might be subservient to the ideas of his deceased wife's father. Logic forbids that the doctrine of Helvering v. Clifford, supra, as to family relationship, be applied in such a situation, particularly inasmuch as the son-in-law trustee was left with a child having an interest adverse to that of the settlor. The other trustee, the son, was a beneficiary. See also Estate of Frederick S. Fish, 45 B.T.A. 120, where with the consent of his wife, who was the life tenant, the settlor could terminate the trust, and we held the Hallock case inapplicable. Blunt v. Kelly, supra; Chase National Bank v. Higgins, supra, and Brewer et al., Executors, v. Hassett, (Dis. Ct. *344 Mass., Feb. 24, 1943, unreported), do not, in our opinion, here apply. Those were cases where a right was reserved by the trust instrument that trust corpus be paid to the settlor. Though this was within the discretion of the trustees it was not an uncontrolling discretion, but was subject to the courts of equity, as was said in Blunt v. Kelly, supra.Therein it might have become necessary under the terms of the trust to apply principal to the support of the trustor and the transfer was held not to take effect until death of the transferor. In the Chase National Bank v. Higgins case the settlor is referred to as having a reserved right to invade the principal. The Brewer v. Hassett case is to the same general effect. Here the exclusive power of the trustees to withhold the trust corpus from the trustor was absolute, subject to no conditions or powers of courts of equity. The settlor could not name trustees in case of vacancy. Under such circumstances it may not soundly be said, we think, that the transfer was intended to take effect at death. In addition, in our opinion, Reinecke v. Northern Trust Co., supra, forbids the application of section 811 (c) to the *345 transfer herein, created in 1913, under which the trustees alone had control over release of the corpus to the settlor. Commissioner v. Flanders, supra.
We consider now the application of section 811 (d). Thereunder, the respondent contends that, though the trust instrument placed the power to surrender corpus in the trustees, it was in substance exercisable by the settlor and the statute made applicable. In Hugh M. Beugler Trust, supra, we declined to apply this subsection, pointing out that the trustee, and not the settlor had power to "alter, amend, or revoke" the transfer. It follows from what we have said above as to inapplicability of family solidarity ideas here, that subsection (d) (2) may not be applied, where the settlor did not, under the instrument, possess the requisite power over the trust corpus. It follows, too, that Helvering v. Helmholz, 296 U.S. 93, and White v. Poor, 296 U.S. 98, are applicable, and section 811 (d) may not constitutionally be applied to a transfer made in 1913, retaining to the settlor no power to alter, amend, or revoke. On account of adjustments necessary as to other matters covered by *346 the deficiency notice, but not placed in issue, Decision will be entered under Rule 50. Footnotes
1. SEC. 811. GROSS ESTATE. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States - * * * * *
(c) Transfers in Contemplation of, or Taking Effect at Death. - To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this subchapter; (d) Revocable Transfers. - * * * * *
(2) Transfers on or Prior to June 22, 1936. - To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished any such power in contemplation of his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. Except in the case of transfers made after June 22, 1936, no interest of the decedent of which he has made a transfer shall be included in the gross estate under paragraph (1) unless it is includible under this paragraph.↩