ESTATE OF IDA ROSENWASSER, PAUL M. ROSENWASSER, TRUSTEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6189.   Promulgated November 13, 1945.

*Alexander Mintz, Esq.*, for the petitioner.
*Lawrence R. Bloomenthal, Esq.*, for the respondent.

---

OPINION.

SMITH, *Judge*: The question presented is whether the corpus of the trust created by the decedent on November 4, 1930, which the respondent valued at $117,488.19 at the date of death of the decedent, is includible in her gross estate.

Since the trust was created prior to the Joint Resolution of March 3, 1931, which required the inclusion in the gross estate of property transferred in trust where the income of the trust was payable to the grantor for life, the respondent does not contend that the trust corpus is includible in the gross estate solely because of the reservation by the grantor of the life income. See *Hassett* v. *Welch*, 303 U. S. 303; *May* v. *Heiner*, 281 U. S. 238; *Estate of Edward E. Bradley*, 1 T. C. 518; affd. sub nom. *Helvering* v. *Proctor* (C. C. A., 2d Cir.), 140 Fed. (2d) 87. The respondent contends, however, that the trust corpus is includible in the gross estate under the doctrine of *Blunt* v. *Kelly* (C. C. A., 3d Cir.), 131 Fed. (2d) 632; *Chase National Bank* v. *Higgins* (Dist. Ct., S. Dist. N. Y., 1941), 38 Fed. Supp. 858; and *Estate of Margaret P. Gallois*, 4 T. C. 840, because of the grantor's retention of a right, up to the time of her death, to receive distributions out of the trust corpus.

In *Blunt* v. *Kelly*, *supra*, the decedent executed a deed of trust in 1925, transferring certain securities to trustees with the reservation of a life income to herself and with a provision for the division of the principal upon her death and its distribution to her children. Her son was named as one of the trustees and he was also one of the remaindermen. The trust deed provided that:

* * * Should in their opinion the necessity arise, the Trustees are hereby empowered to use such portion of the principal of the trust fund as may seem proper for the support, care or benefit of the party of the first part. * * *

The decedent lived well within her income between 1925 and her death in 1934, and she never sought or received any portion of the trust corpus. The Commissioner ruled that the value of these securities transferred in trust was includible in the gross estate. The executor paid the additional tax claimed by the Commissioner and sued for refund. The District Court held for the Government. On appeal

the lower court's judgment was affirmed. It was contended on behalf of the estate that the settlor had effectively terminated all of her interest in the trust corpus, because the decision whether or not to apply any of the trust principal to her support rested with her son, as one of the trustees, who had an adverse interest in the principal as a remainderman. This contention was answered by the appellate court as follows:

\* \* \* It is true that under this provision the trustees, one of whom held an adverse interest, were required to form an opinion as to the existence of any such necessity, but in so doing the trustees were not making a free and uncontrolled decision. They were of course bound to form their opinion on the existence of any such necessity in good faith and were subject to the control of the equity courts if they failed to do so. *Read v. Patterson*, 44 N. J. Eq. 211, 14 A. 490, 6 Am. St. Rep. 877; Restatement of the Law of Trusts, § 187. Under these circumstances, the lower court properly held that the transfer of the securities by the trust deed was one which did not take effect in possession and enjoyment until the death of the settlor *since, until then, it might have become necessary under the terms of the trust to apply the principal to her support, care or benefit.* [ Italics supplied. ]

In *Chase National Bank* v. *Higgins, supra*, the trustee was to manage the trust property and pay to the grantor during her life the net income and:

\* \* \* so much of the principal as in the opinion of the trustee shall be required for the needs of the grantor, the said trustee to be the sole judge as to the necessity of said payment or payments of principal. \* \* \*

The court held that the value of the corpus of the trust created by the decedent should be included in the gross estate.

In *Estate of Margaret P. Gallois, supra*, a trust was created in 1924 and provided, among other things, that:

\* \* \* The Trustees are likewise authorized and directed to apply to the maintenance and support of said Margaret P. Gallois any portion of the principal of said trust fund which may at any time be in their opinion necessary for her maintenance and support by reason of or in the event of any deficiency in the income of said trust fund. \* \* \*

We held, upon the authority of *Blunt* v. *Kelly, supra*, that the trust property was includible in the gross estate as a transfer intended to take effect in possession or enjoyment at or after death.

In all of those cases the trustees were under an enforceable fiduciary obligation, in the exercise of their discretion, to pay the principal of the trusts to the grantors according to fixed standards; that is, "for the support, care or benefit" of the grantor (*Blunt* v. *Kelly, supra*); or as "necessary for her maintenance and support" (*Estate of Margaret P. Gallois, supra*). As to the named trustee this was so in the instant case, for there was a fixed standard for the encroachment of the principal, that is, "as proper and necessary in order to provide for my maintenance and comfort." But here the trustee could make

such payments only with the consent of, or "in conjunction with," the other two children who were not named as trustees. Those children had the same beneficial interests in the trust corpus as the trustee. Query: Did they hold the power to approve or not to approve distribution of principal to the settlor as fiduciaries for the benefit of the settlor or merely for their own interests free of any fiduciary obligations?

The question of the rights and duties of the holder of such a power is discussed in Scott on Trusts, vol. 2, sec. 185, p. 972, as follows:

§ 185. Duty with respect to person holding power of control. By the terms of the trust it may be provided that the action of the trustee in certain respects shall be subject to the control of another. The person upon whom such power of control is conferred may be a co-trustee, or a beneficiary, or the settlor, or a third person otherwise unconnected with the trust. The extent of the power thus conferred depends, of course, upon the provisions of the trust instrument. * * *

* * * * * * *

The holder of the power is subject to liability for the exercise or non-exercise of the power only if he holds it as a fiduciary and not solely for his own benefit. It is a question of interpretation of the trust instrument in the light of all the circumstances whether the power is conferred upon him for his sole benefit or for the benefit of the beneficiaries of the trust. In determining this question the relationship of the holder of the power to the trust, as well as the nature of the power, is an important consideration.

A case illustrative of this principle is *In re Ely's Estate*, 157 Misc. 578; 285 N. Y. S. 100. The testartrix there left her estate in trust for the benefit of her daughter for life with remainder to her daughter's two children. The will provided that:

Sixth. It is my purpose to provide for my daughter, Marie Eugenie Ely Fallon during her life and then for the equal division of my property between her two children, and I earnestly wish that my personal belongings, including jewelry, furniture, glass, silver, and linens may be retained and pass as above directed to my granddaughters. But appreciating the uncertainties of human affairs, and that it may become necessary or desirable for the best interests of said beneficiaries that said personal property be sold, then and in that event I authorize such sale to be made from time to time by my Executors and Trustees in their discretion and with the approval of said Marie Eugenie Ely Fallon.

In holding that this provision of the will did not give the daughter an arbitrary power to prevent the sale of the personal effects of the testatrix, the court said:

While expressing in this clause a wish that her personal belongings, jewelry, furniture, glass, silver, and linens might be retained, the testatrix yet realized that it might become necessary or expedient to dispose of this property, and authorized her executors and trustees in such event to sell the same with the approval of the petitioner. Naturally the testatrix had in mind the fact that a considerable share of her estate was represented in this type of non income producing property, and provided in this way for a conversion should the income from the balance of her estate prove insufficient for her daughter's needs. The

approval required of her daughter I believe not to give her daughter an arbitrary power, but means rather that the daughter, acting in good faith and in a co-operative spirit, specify the order of conversion when the necessity therefor should arise.

We think that the power which the nontrustee beneficiaries here had with respect to the distribution of trust principal to the settlor was not an arbitrary power which could be exercised selfishly and without judicial restraint. As pointed out above, the settlor named the condition upon which distributions of principal were to be made to her and fixed a standard by which they were to be measured; that is, such further amounts as the trustee and the other two children "may deem proper or necessary in order to provide for my maintenance and comfort." Thus the trustee's discretion was governed by an "external standard which a court may apply in compelling compliance." *Commissioner* v. *Irving Trust Co.* (C. C. A., 2d Cir.), 147 Fed. (2d) 946, affirming 2 T. C. 1052. The trust must be construed in accordance with the expressed intent of the settlor. It would have been meaningless for her to confer upon the trustee a discretionary power subject to judicial control, as she did, and at the same time to give the other two children who were not trustees the arbitrary power to prevent the trustee from exercising his fiduciary power. There is no apparent reason, either, why the settlor might have desired to confer a greater power upon the other two children than she had given to the son whom she had selected, in confidence, as trustee of her estate. We think that the settlor must have intended to give her other two children an equal power with the trustee in determining when and in what amounts the distributions of principal were to be made to her and that it was intended that the power should be exercised for her benefit and not for the benefit of the children themselves.

That being the nature of the power, the instant case is not materially different on its face from *Blunt* v. *Kelly, supra,* and *Estate of Margaret P. Gallois, supra.* We think that it must be held here, as it was in those cases, that the transfer in trust was intended to take effect in possession and enjoyment at or after death.

Petitioner relies strongly upon *Commissioner* v. *Irving Trust Co., supra.* We do not think that case is controlling here. There the trustee of an *inter vivos* trust was given the power in its sole and absolute discretion to distribute to the grantor at any time any part of the trust corpus found to be in excess of the amount required to yield the stipulated amount of income that was payable to the income beneficiary. The court held, affirming 2 T. C. 1052, that the grantor retained no enforceable rights in the trust corpus which justified its inclusion in the gross estate. In its opinion the court said:

In a case where the return of any part of the corpus to the settlor will depend solely upon the discretion of the trustee the true test as to its inclusion in the taxable estate of the settlor is whether the trustee is free to exercise his untrammelled discretion, or whether the exercise of his discretion is governed by some external standard which a court may apply in compelling compliance with the conditions of the trust instrument. If the former, the corpus is not subject to taxation as a part of the settlor's estate. In the case at bar, the discretion of the trustee was absolute, and no court could compel its exercise.

As we contrue the trust of the settlor here, neither the trustee nor the other two children had any power arbitrarily to prevent distributions of trust principal to the settlor had that become necessary for her maintenance and comfort.

Although the rights which the settlor reserved in the trust corpus during her life did not amount to a power to revoke the trust, they were nevertheless sufficient, we think, to postpone the complete and ultimate devolution of the property until her death and to characterize the transfer as one "intended to take effect in possession or enjoyment at or after * * * death."

Reviewed by the Court.

*Decision will be entered for the respondent.*