GALLOIS et al. v. COMMISSIONER OF INTERNAL REVENUE.

No. 11080.

Circuit Court of Appeals, Ninth Circuit.

Nov. 16, 1945.

John V. Lewis, Clyde C. Sherwood, and Jerome Politzer, all of San Francisco, Cal., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., Tax Division, Sewall Key, A. F. Prescott, Louise Foster, and James P. Garland, Sp. Assts. to Atty. Gen., for respondent.

Before DENMAN, BONE and ORR, Circuit Judges.

DENMAN, Circuit Judge.

The executors seek review of a decision of the Tax Court holding that the value of an estate of a trust created by the testatrix should be included with other property values in determining the value of her estate under section 811 of the Revenue Code, 26 U.S.C.A. Int.Rev.Code § 811.

The Commissioner contends that under the provisions of the trust instrument the trustor well could have revert to her in her lifetime the entire interest of the beneficiaries to be enjoyed at her death by their predeceasing her, and hence the value of the trust estate must be included in determining the amount of the federal estate tax under Fidelity-Philadelphia Trust Co. v. Rothensies, 324 U.S. 108, 65 S.Ct. 508; Commissioner of Internal Revenue v. Estate of Field, 324 U.S. 113, 65 S.Ct. 511; and Goldstone v. United States, 325 U.S. 687, 65 S.Ct. 1323. We agree with the Commissioner that the trust created is of such a character.

The pertinent trust provisions creating the interest of the beneficiaries are:

"Fifth: * * * Upon the death of said Jeanne G. Hill the said trust shall cease and determine and all of said trust property then remaining in the hands of said surviving Trustees shall go to and vest absolutely in equal shares in the children of said Jeanne G. Hill. If at the time of the death of said Jeanne G. Hill, any of of her children shall have died leaving issue, such issue shall receive the share of said trust property to which such deceased child would have been entitled if living. If all of the children of said Jeanne G. Hill should predecease her, then upon her death said trust fund and the whole thereof shall go to and vest in John Gallois, if living, and if he be then dead, then it shall vest in the next of kin of said Jeanne G. Hill, in accordance with the succession laws of the State of California then in effect. In the event of the death of said Jeanne G. Hill prior to the death of said Margaret P. Gallois, said trust shall cease and determine upon the death of said Margaret P. Gallois, and said trust fund and the whole thereof shall go to and vest in the children of Jeanne G. Hill and their issue, as hereinbefore provided. If said Jeanne G. Hill and her children die without issue prior to the death of said Margaret P. Gallois, then this trust shall terminate and the trust fund shall vest in said Margaret P. Gallois.

*     *     *     *     *     *

"Ninth: Whereas said Margaret P. Gallois heretobefore laid out and expended for the account and benefit of John Gallois the sum of $251,000, or thereabouts, exclusive of interest, and this agreement is made in part for the purpose of insuring to Jeanne G. Hill a benefit which may to some extent correct the discrepancy between the moneys received by said Jeanne G. Hill from said Margaret P. Gallois and the outlays of said Margaret P. Gallois on behalf of said John Gallois.

"Now, therefore, notwithstanding anything which may be hereinbefore contained, it is provided that at the time of the death of said Margaret P. Gallois, if there has been paid to her by John Gallois or on his account sums of money sufficient so that the said Margaret P. Gallois shall have been reimbursed to such extent that the amount unpaid is less than the value of the assets

in the annexed schedule, exclusive of any claim against John Gallois, as appraised at the time of her death, then fifty (50%) per cent of the excess of the value of said property over and above the amount of such outlays remaining unpaid shall go to and vest in John Gallois and the balance of said property shall vest as hereinbefore provided. If, at the time of the death of said Margaret P. Gallois, the amount of such unpaid outlays made by her on behalf of John Gallois still exceeds the then value of the trust fund in the hands of said Trustees, exclusive of any claim against John Gallois, the whole of said fund shall go to and vest in the children of Jeanne G. Hill, after her death as hereinbefore provided, but said John Gallois shall not at any time be deemed indebted to said Trustees or to the estate of Margaret P. Gallois, nor shall any attempt be made by the Trustees of any successors of Margaret P. Gallois to collect any part of said outlays from said John Gallois, and if the same shall at the death of Margaret P. Gallois apparently exist as an indebtedness, such indebtedness shall be deemed forgiven and cancelled, together with any instruments, documents or writings of any kind constituting evidence of any such indebtedness, so that the same cannot go to or vest in any successor of Margaret P. Gallois under the terms of this instrument or otherwise."

It is clear that the trustor intended to provide for her descendants only, save in one contingency. Only if Jeanne G. Hill does not survive any of her children and John Gallois die as provided in the third sentence of Article Fifth of the trust instrument does the trustor, Margaret P. Gallois, intend that anyone other than her descendants and herself shall have any interest in the trust estate. If Jeanne survive any of her children and thereafter she and her remaining children and grandchildren and John Gallois die before Margaret P. Gallois, the entire interest in the trust estate vests in the trustor Margaret.

■ This is true in any event (cf. California Civil Code §§ 866, 871) but such reverter is expressly provided for in the last sentence of Article Fifth in which we construe the words "If said Jeanne Gallois and her children die without issue" as meaning "die without [remaining] issue" in accord with the interest created in them on Margaret P. Gallois' death in the second sentence of Article Fifth.

We do not agree with the petitioners' argument that this revesting sentence should read "die without [having had] issue" or that if given such a construction it would create a new class of beneficiaries, i.e, the non-descendant successors in interest in whom, before the trustor's death, there is vested an indefeasible right in the trust corpus after she dies.

Before the trustor died she had eight direct descendants—John, who by the required payment had brought himself within Article Ninth, and Jeanne and Jeanne's three children and three grandchildren. The petitioners point out the extreme unlikelihood that the creator's descendants all would predecease her in such a way that the trust's beneficial interests would disappear.

■ However, retention of a possibility of reverter by the trustor renders the trust estate taxable, and the imminence or remoteness of the likelihood of the revesting contingency's occurrence is not a matter for our consideration. As is said in an analogous context in Fidelity-Philadelphia Trust Co. v. Rothensies, 324 U.S. 108, 111, 65 S.Ct. 508, 510. "It is fruitless to speculate on the probabilities of the property being distributed under the contingent power of appointment. Indeed, such speculation is irrelevant to the measurement of estate tax liability."

The decision of the Tax Court is affirmed.