MALCOLM D. CHAMPLIN, ADMINISTRATOR C. T. A. OF THE PROPERTY OF THE ESTATE OF HARRY C. ORNDORFF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WORCESTER COUNTY TRUST COMPANY (SUCCESSOR TO WORCESTER BANK & TRUST COMPANY) TRUSTEE AND TRANSFEREE OF PROPERTY OF HARRY C. ORNDORFF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 8273, 8287. Promulgated February 27, 1946.

*Merrill S. June, Esq.,* for the petitioners.
*Carl A. Stutsman, Jr., Esq.,* for the respondent.

**OPINION.**

ARUNDELL, *Judge*: Since the date of the trust indenture antedates the Joint Resolution of March 3, 1931, the fact that the decedent retained the income of the trust for his life is immaterial. *Hassett* v. *Welch*, 303 U. S. 303. This the respondent concedes. The question is addressed solely to whether or not the corpus of the trust is includible in the decedent's gross estate by reason of the fact that the trust instrument provided that the corpus might be invaded by the trustee for the benefit of the settlor and, hence, that it could not be determined until after his death whether any of the corpus would pass to the named remaindermen. The applicable statute is section 811 (c) of the Internal Revenue Code. The gift of the remainder at the death of the decedent was entirely complete and no questions are raised with respect thereto. It is conceded that the trust was irrevocable.

We think that the value of the trust should be included in the decedent's gross estate as a transfer intended to take effect in possession or enjoyment at or after his death by reason of that which he retained for his lifetime. It may be true that his right to any part of the principal of the fund would become legally enforceable only if it became necessary to draw upon that fund for his comfort and support, but the fact that it was contingent is immaterial. *Helvering* v. *Hallock*, 309 U. S. 106. The availability of such a fund for that purpose, should the need therefor have arisen, was a very material satisfaction. To the extent that the use of the principal of the trust would permit, the decedent had an assurance during his lifetime that he and his wife would not lack the means necessary for their comfort and support. And, until decedent's death or thereafter, the potential charge upon the corpus prevented the beneficiary of that fund from coming into complete enjoyment of it.

In *Blunt* v. *Kelly*, 131 Fed. (2d) 632; *Estate of Margaret P. Gallois*, 4 T. C. 840; affd., 152 Fed. (2d) 81; and *Estate of Ida Rosenwasser*, 5 T. C. 1043, where the facts and circumstances were much the same as in the instant case, it was pointed out that, although the rights which the settlor reserved in the trust corpus during his lifetime did not amount to a power of revocation, they were nevertheless sufficient to postpone the complete and ultimate devolution of the property until his death and were enough to identify the transfer as one covered by section 811 (c) of the Internal Revenue Code. Accordingly, we are constrained to hold that the value of the trust is properly includible in decedent's gross estate. The Circuit Court of Appeals for the Second Circuit, in *Commissioner* v. *Irving Trust Co.*, 147 Fed. (2d) 946, affirming *Hugh M. Beugler Trust*, 2 T. C. 1052, pointed out the distinction between those cases where the trustee's discretion is governed by an "external standard" which a court could apply in compelling compliance, as in the situation here, and those cases where no such "external standard" was provided. *Daisy Christine Patterson*, 36 B. T. A. 407, was based largely upon the rationale of the *St. Louis Trust Co.* cases,[1] which was later rejected by the Supreme Court in the *Hallock* case, *supra*.

Petitioner Worcester County Trust Co. is in possession of the trust estate, the present value of which is considerably in excess of the deficiency and interest thereon, and it admits liability for the tax if the deficiency is upheld. Sec. 827 (b), I. R. C.

By an affirmative answer the respondent asserts that petitioner Malcolm D. Champlin, administrator c. t. a. of the property of the decedent, is personally liable as fiduciary for the payment of the estate

---

[1] *Helvering* v. *St. Louis Trust Co.*, 296 U. S. 39; *Becker* v. *St. Louis Trust Co.*, 296 U. S. 48.

tax deficiency, plus interest thereon, under the provisions of section 900 (a) of the code and section 3467 of the Revised Statutes.[2] It is stipulated that petitioner Champlin received property of the decedent having a value of $4,614.87 and that he paid $2,183.35 as administrative expenses and $2,431.52 either in payment of debts due from the decedent or his estate or in distribution to the legatees of the decedent. Petitioner Champlin takes the view that in no event should his personal liability for the tax exceed the amount paid out by him upon debts or in distribution.

The necessary expenses of administration are properly payable before a debt due the United States. *Hammond* v. *Carthage Sulphite Pulp & Paper Co.*, 34 Fed. (2d) 155; *Bowes* v. *United States*, 11 Atl. (2d) 720; *United States* v. *Eggleston*, Fed. Case No. 15,027; *United States* v. *Security-First Nat. Bank*, 30 Fed. Supp. 113. See section 827 (a) of the code, which, among other things, provides for the release from the Government's lien of expenses of administration allowed by any court having jurisdiction thereof. The respondent, who has the burden, has not shown that the payments in question were not approved by the appropriate court. Thus it follows that the petitioner is not personally liable for the sum of $2,183.35 paid out for expenses of administration.

To the extent of the payment of debts or distributions to legatees, the petitioner should be held personally liable for the deficiency.[3] See *Helen Dean Wright*, 28 B. T. A. 543. We assume, however, that, since the deficiency results from the inclusion of the value of the trust property in decedent's gross estate and the trustee admits liability for the tax if the deficiency is upheld, the respondent will collect the deficiency and interest from said trustee.

*Decisions will be entered under Rule 50.*

---

[2] U. S. C., Title 31, ch. 6, sec. 192.
[3] Sec. 3467 of the Revised Statutes, and Treasury Regulations 105, sec. 81.99.