ESTATE OF NORMA P. DURANT—MARSHALL & ILSLEY BANK AND HERMAN F. FRIEDRICH, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 93079. Promulgated February 27, 1940.

*Herman F. Friedrich, Esq.*, for the petitioners.
*Frank T. Horner, Esq., John R. Wheeler, Esq., F. R. Shearer, Esq.,* and *Jonas M. Smith, Esq.*, for the respondent.

OPPER: Decedent transferred what came to constitute virtually her entire estate by a trust instrument operative during her lifetime, and providing for the payment to her of a stipulated income. Other provisions required the trustee to discharge her debts at death and permitted distribution to her during her lifetime of any part or all the principal if considered advisable by the trustee. This property was proposed for inclusion for estate tax purposes by respondent, one ground given being that it was "a transfer of a material part of the decedent's property in the nature of a final disposition or distribution thereof and therefore in contemplation of death." The stipulation of facts, which constitutes the entire record, is completely lacking in any material from which we could conclude that petitioners have sustained their burden of proving as a fact that this was not a transfer in contemplation of death. On this ground we should be required to sustain respondent's position. See *Purvin* v. *Commissioner*, 96 Fed. (2d) 929 (C. C. A., 7th Cir.). But it is something less than a satisfactory solution of this controversy to decide it purely on the basis of failure of proof, particularly where the issue is essentially and fundamentally factual. *United States* v. *Wells*, 283 U. S. 102. Happily, we need not do so here since the same result will follow by application to these facts of other provisions of the estate tax section.

Among the interests which must be included in gross estate is property "of which the decedent has at any time made a transfer by trust or otherwise where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power either by the decedent alone or in conjunction with any person to alter, amend, or revoke * * *."[1]

Powers residing in the decedent either alone or at least in conjunction with the trustee were such that the amendment, revocation, or

---

[1] Revenue Act of 1926.—

SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\* \* \* \* \* \* \*

(d) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished any such power in contemplation of his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. The relinquishment of any such power, not admitted or shown to have been in contemplation of the decedent's death, made within two years prior to his death but after the enactment of this Act without such a consideration and affecting the interest or interests (whether arising from one or more transfers or the creation of one or more trusts) of any one beneficiary of a value or aggregate value, at the time of such death, in excess of $5,000, then, to the extent of such excess, such relinquishment or relinquishments shall be deemed and held to have been made in contemplation of death within the meaning of this title;

\* \* \* \* \* \* \*

alteration of the trust was in reality retained by decedent until the time of her death. The stipulated monthly payments were obviously materially in excess of any anticipated income from the property. It resulted, and must have been contemplated, that periodic invasions of principal would be necessary. Only decedent's refusal to accept such fragmentary distributions of principal could prevent the estate from being dissipated in its entirety. In fact, in the period of less than ten years of the trust's operation approximately 50 percent of the principal was so disbursed. At the same rate it would not have lasted for ten years more. Again, the primary obligation of the trustee upon decedent's death was to pay all of her debts, so that by the simple expedient of obtaining by loans or advances such amounts of principal as she might see fit she could effectively prevent all or any part of the property from passing to the remaindermen. .

Additional considerations may be unnecessary, but, as indicating the flavor of the decedent's provision for treatment of the trust estate, it may be added that the trustee was expressly permitted to invade the corpus to any extent for the purpose of making payments to decedent. This power was so broad as to preclude the view that there was any real limitation whatever upon the extent to which the devolution and "enjoyment" of the property might be "changed." See *Ethel K. Childers*, 39 B. T. A. 904. Had it been exercised to its fullest extent at any time up to the moment of decedent's death there would have been no property left upon which the trust instrument could operate.

Adding these elements to those previously noted, we think it impossible to escape from the necessity of applying to this property the provisions of section 302 (d). Looking at the trust instrument as a whole, it is only with reference to decedent's death that we can determine what "shifting of the economic benefits of property which is the real subject of the tax" [2] would result from decedent's disposition of the trust corpus. That event was "the source of valuable assurance passing from the dead to the living." *Porter* v. *Commissioner*, 288 U. S. 436.

This conclusion is fortified by the Board's decision in *Daisy Christine Patterson, Executrix*, 36 B. T. A. 407, where the same section was found to be inapplicable but on the limited ground that the trustee could not distribute the estate to the grantor except upon specific contingencies which were shown not to have occurred. That ground, of course, is inappropriate here in view of the wide and untrammeled discretion conferred upon the trustee. Moreover, our present conclusion seems a necessary corollary to the decision in *Harriet W. Rosenau*, 37 B. T. A. 468. In *Estate of Sanford* v. *Commissioner*, 308 U. S. 39, the

[2] *Chase National Bank* v. *United States*, 278 U. S. 327, 338.

doctrine was reiterated that "the gift tax was supplementary to the estate tax. The two are in *pari materia* and must be construed together." "There is nothing in the language of the statute * * * to suggest * * * that the test of the completeness of the taxed gift was to be any different from that to be applied in determining whether the donor has retained an interest such that it becomes subject to the estate tax upon its extinguishment at death." In the *Rosenau* case a reserved power to change beneficiaries was considered sufficient to prevent the application of the gift tax. See also *Hesslein* v. *Hoey*, 91 Fed. (2d) 954; certiorari denied, 302 U. S. 756; *Rasquin* v. *Humphreys*, 308 U. S. 54; *Emily Trevor*, 40 B. T. A. 1241. A trust comparable to that created by decedent would apparently escape gift tax. Revenue Act of 1932, sec. 501 (c). To hold that the property also escapes estate tax would be to reach a result in direct conflict with the principle of the *Sanford* decision.

This is not a case where "no interest in the property held under the trust deed passed from her to the living; title thereto had been definitely fixed by the trust deed." *May* v. *Heiner*, 281 U. S. 238, 243. Nor is it even one where "Since the power to revoke or alter was dependent upon the consent of the one entitled to the beneficial, and consequently adverse, interest, the trust, for all practical purposes, had passed as completely from any control by decedent which might inure to his own benefit as if the gift had been absolute." *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339, 346. See also *Orrin G. Wood*, 40 B. T. A. 905. But cf. *Helvering* v. *City Bank Farmers Trust Co.*, 296 U. S. 85. Prior to decedent's death the entire trust could, as we have noted, inure to decedent's benefit by the invasion of the corpus for her use. At her death decedent's interest could have been no more than to see that the property she left behind was distributed in accordance with her wishes. Both benefits she retained until the moment of her death. Upon her failure to receive the corpus during her life, at her death, and only then, did the provisions for succession to her property which she herself had designed become effective. See *Helvering* v. *Hallock*, 309 U. S. 106.

The construction which we thus place upon the 1926 Act makes it unnecessary to consider whether resort might be had to the amendment thereto contained in the Joint Resolution of March 3, 1931, or section 803 (a) of the Revenue Act of 1932.[3] These have been held to be inapplicable to facts comparable to those now before us, in that the trust was created prior to the enactment of that resolution but

---

[3] "(c) To the extent of any interest therein of which the decedent * * * has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property * * *."

the decedent died thereafter, on the ground that retroactive force was beyond the scope of the legislative intent. *Hassett* v. *Welch*, 303 U. S. 303. But cf. *Chase National Bank* v. *United States*, *supra; Reinecke* v. *Northern Trust Co.*, *supra; Sanford* v. *Commissioner*, *supra; Helvering* v. *Hallock*, *supra.*

For the reasons stated we conclude that the 1926 Act is applicable in its original form and that the property in question is includible as a part of decedent's estate.

Reviewed by the Board.

*Decision will be entered for the respondent.*